James A. EMMERT, Bernice Emmert

v.

UNITED STATES of America.

Paul G. JASPER, Mary T. Jasper

v.

UNITED STATES of America.

Civ. Nos. 3342, 3425.

United States District Court
S. D. Indiana, Indianapolis Division.

Sept. 9, 1955.

Hollowell & Hamill, by Robert Hollowell, Indianapolis, Ind., for plaintiffs.

Jack C. Brown, U. S. Atty., Indianapolis, Ind., for the U. S.

STECKLER, Chief Judge.

These are actions brought by the plaintiffs pursuant to the provisions of Title 28 United States Code Section 1346(a) (1) against the United States of America to recover federal income taxes in amounts not exceeding $10,000 alleged to have been erroneously and illegally assessed and collected by the Collector of Internal Revenue for the District of Indiana who was not in office at the time these actions were filed. Upon motion of

the plaintiffs in each action these causes were consolidated for the purpose of trial. The plaintiffs, James A. Emmert and Bernice Emmert, in Cause No. 3342, seek to recover $215.69 for the calendar year 1948, and $198.42 for the calendar year 1949 together with interest thereon. Plaintiffs, Paul G. Jasper and Mary T. Jasper, in Cause No. 3425, seek to recover $493.54 for the calendar year 1949 together with interest thereon. Plaintiffs in their briefs point out that although the amounts sought to be recovered are not large, the legal principle involved in these cases is important to four of the five judges of the Supreme Court of Indiana.

Plaintiffs, James A. Emmert and Paul G. Jasper, during the taxable years in question were judges of the Supreme Court of Indiana. In computing their respective net income taxes for the taxable years involved the plaintiffs claimed certain deductions for traveling expenses, meals and lodging while away from home. Upon the disallowance by the Commissioner of Internal Revenue of such deductions, and the assessment of deficiencies, the plaintiffs paid the deficiencies and then filed timely claims for refunds. The Commissioner did not act upon such claims within six months and thereafter these actions were timely commenced.

The gist of the question before the Court is, whether by reason of a constitutional mandate that the judges of the Supreme Court of Indiana shall reside in the judicial district from which they are elected, in computing their net income, under Section 23(a) (1) (A) of the Internal Revenue Code of 1939, 26 U. S.C. § 23(a) (1) (A), as amended, they are entitled to deduct the ordinary and reasonable expenses incurred for traveling from their respective judicial districts, to the Supreme Court, located in the Capitol Building of the State, and the reasonable expenses for meals and lodging while in attendance to the Court, and the expenses for travel in returning to their respective districts; in other words, whether such expenses are allowable as deductions under the provisions of Section 23(a) (1) (A) as traveling expenses while away from home in the pursuit of a trade or business.

The evidence in these cases consists solely of written stipulations of facts from which the Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. The Court has jurisdiction over the parties and the subject matter in these actions.

2. In Cause No. 3342, the United States Commissioner of Internal Revenue assessed against the plaintiffs, James A. Emmert and Bernice Emmert, deficiencies in federal income taxes and the Collector of Internal Revenue demanded payment thereof with interest thereon as follows:

| Year | Tax | Interest | Total |
|------|------|----------|-------|
| 1948 | $182.02 | $33.67 | $215.69 |
| 1949 | 176.28 | 22.04 | 198.32 |
|      |        |        | $414.01 |

In Cause No. 3425, the Commissioner assessed against the plaintiffs, Paul G. Jasper and Mary T. Jasper, deficiencies in federal income taxes and the Collector of Internal Revenue demanded payment thereof with interest thereon as follows:

| Year | Tax | Interest | Total |
|------|------|----------|-------|
| 1949 | $438.70 | $54.84 | $493.54 |

The plaintiffs, James A. Emmert and Bernice Emmert, in Cause No. 3342, on April 15, 1952, paid under protest, the total sum assessed against them to Ralph W. Cripe, then Collector of Internal Revenue for the District of Indiana. Plaintiffs, Paul G. Jasper and Mary T. Jasper, in Cause No. 3425, on April 14, 1952, paid under protest to the same Collector, the total sum assessed against them. Said Ralph W. Cripe was not in office on the date these suits were instituted and has not been in office since said date.

3. Plaintiffs in both cases claimed deductions for certain expenses itemized and listed under a schedule set out in

324

their tax returns under the heading, Traveling Expenses. In Cause No. 3342, the taxpayers claimed as deductions for traveling expenses the sum of $940.16 for the year 1948 and $910.47 for the year 1949. In Cause No. 3425, the plaintiffs therein, claimed as a deduction for traveling expenses the sum of $1,661.72 for the year 1949. The claims for deductions in both cases were disallowed in full by the Commissioner of Internal Revenue, and as a result of the disallowance of said deductions the respective deficiencies set forth in Finding of Fact Number 2 were assessed by the Collector of Internal Revenue.

4. On May 7, 1952, the plaintiffs in each case filed with the Collector of Internal Revenue at Indianapolis, Indiana, separate claims for refunds for the respective amounts paid the Collector.

5. More than six months elapsed from the date of the filing of the claims for refunds before these suits were brought during which time no action was taken by the Commissioner of Internal Revenue in respect to the allowance or disallowance of the claims.

6. During the entire years 1948 and 1949 and long before and continuously since said dates, the plaintiffs, James A. Emmert and Bernice Emmert, in Cause No. 3342, were husband and wife residing in the City of Shelbyville, Shelby County, Indiana, which is within the Second Judicial District of the State of Indiana. Shelbyville, Indiana, is located about thirty miles from Indianapolis, Indiana, on a main paved highway connecting the two cities. At the general election in Indiana in November, 1946, the plaintiff, James A. Emmert, in Cause No. 3342, was elected judge of the Supreme Court of Indiana from the Second Judicial District. Plaintiff, James A. Emmert, duly qualified as judge of the Supreme Court and entered upon the discharge of the duties of his office in January, 1947, and continued in said office for a term of six years, being re-elected to said office for an additional six-year term in 1952, and he has continued in said office up to this date.

During the year 1949, and long before and continuously since said date, plaintiffs, Paul G. Jasper and Mary T. Jasper, in Cause No. 3425, were husband and wife residing in the City of Fort Wayne, Allen County, Indiana, which is within the Fourth Judicial District of the State of Indiana. Fort Wayne, Indiana, is located approximately 119 miles from Indianapolis, Indiana, on a main paved highway connecting the two cities. At the general election in Indiana in 1948, the plaintiff, Paul G. Jasper, in Cause No. 3425, was elected judge of the Supreme Court of Indiana from the Fourth Judicial District of Indiana. The plaintiff, Paul G. Jasper, in Cause No. 3425, duly qualified as judge of the Supreme Court of Indiana and entered upon the discharge of the duties of his office in January, 1948, and he held such office until his resignation therefrom on the first day of April, 1953, to enter private employment with a public utility in the State of Indiana. The following August he sold his home in Fort Wayne and moved to Indianapolis, Indiana, where he took up residence in said city where he still resides.

The State House and Capitol Building of the State of Indiana is located in the City of Indianapolis, Marion County, Indiana. Indianapolis is the capital city of the State of Indiana.

7. The court room of the Supreme Court of Indiana is located in the State Capitol Building at Indianapolis, Indiana, and in said building the State has provided offices for each of the judges of the Supreme Court. There are five judges of the Supreme Court of Indiana, and during the years 1948 and 1949 all of these offices were filled. All sessions of said court are convened and held in said Capitol Building where the judges of said court hold court, hear arguments on cases and consider and decide cases pending in said court.

8. The schedules appearing in the income tax returns of the respective plaintiffs for the years involved accurately set forth the traveling expenses incurred by the plaintiffs, James A. Emmert and

Paul G. Jasper, and it has been stipulated by the parties that such expenses were reasonably incurred, and the Court so finds.

9. In Cause No. 3342, for the years 1948 and 1949, the plaintiff, James A. Emmert, itemized his traveling expenses as follows:

### Calendar Year 1948

| | | |
|---|---|---|
| Average Cost per Mile | .0565 | |
| **Business Mileage** | | |
| 221 Trips to Indianapolis x 54 | 11,934 | |
| Cost of Business Mileage | | $674.27 |
| **Other Traveling Expense** | | |
| Lunches—221 @ $1.00 | $221.00 | |
| Evansville, Indiana to address Junior Chamber of Commerce | 28.25 | |
| Bar Association Meeting | 16.64 | |
| | | 265.89 |
| Total Traveling Expense | | $940.16 |

### Calendar Year 1949

| | | |
|---|---|---|
| Average Cost per Mile | $0.063 | |
| Business Mileage | 11855 | |
| Cost of Business Mileage | | $746.86 |
| Railroad and Bus Fares | | 18.21 |
| Meals away from home | | 145.40 |
| Total Travel Expense | | $910.47 |

In Cause No. 3425 plaintiff, Paul G. Jasper, itemized his traveling expenses as follows:

### Calendar Year 1949

| | | |
|---|---|---|
| **Automobile Expense** | | |
| Tires | $ 40.00 | |
| Gasoline, Oil, Greasing and Washing | 254.00 | |
| Insurance | 74.50 | |
| Repairs | 215.94 | |
| 2) | $584.44 | |
| | $292.22 | |
| One-half used in business ............................ | | $ 292.22 |
| **Meals and Lodging** | | |
| | | 1,369.50 |
| Total Expense— ............................... | | $1,661.72 |

10. Neither of the plaintiffs, James A. Emmert and Paul G. Jasper, was reimbursed for any of the said expenses by the State of Indiana or otherwise.

11. Section 3, Article VII of the Indiana Constitution was in effect at all times mentioned in these proceedings and provides as follows:

"*Judicial districts.*—The State shall be divided into as many districts as there are Judges of the Supreme Court; and such districts shall be formed of contiguous territory, as nearly equal in population, as, without dividing a county, the same can be made. One of said Judges shall be elected from each district, and reside therein; but said Judges shall be elected by the electors of the State at large."

12. At the time of the adoption of the above constitutional provision there were two terms of the Indiana Supreme Court of 30 days each during each year. The terms commenced respectively on the fourth Monday in May and the Fourth Monday in November. At that time there were only ten circuit judges in the State, and the judges of the Supreme Court when not in sessions presided at trials in their respective districts. As the business of the Supreme Court became greater, its terms were lengthened and less and less did the Supreme Court judges preside at trials. During the years involved herein none of the Supreme Court judges, including the plaintiffs, James A. Emmert and Paul G. Jasper, presided at any trials but said judges devoted their full time to the business of the Supreme Court. Oral arguments for final decisions are heard by the full court in the Supreme Court room in the Capitol Building at Indianapolis, Indiana. Full court conferences at which causes are considered and decided are held at the Capitol Building. Clerks, typists, court records and adequate research facilities are available only at the Capitol Building. The plaintiffs, James A. Emmert and Paul G. Jasper, during the years involved, prepared their opinions in their chambers in the Capitol Building. However work assigned to a judge may be done at the Capitol Building or at his home. Orders and rulings which might be made by a single judge are sometimes entered at his home, but all orders, rulings and decisions requiring the participation of all or a majority of the judges are made in the quarters of the Court in the Capitol Building. During each of the years in question, the plaintiff, James A. Emmert, in Cause No. 3342, was in his office in the State House approximately 29 days during the months of July, August and September, and during the rest of each of said years he was in the Capitol Building in Indianapolis in attendance upon the business of the Court an average of four days a week. The rest of the time he spent either at his residence in Shelbyville, Indiana, or elsewhere. During the one year in question, in Cause No. 3425, the plaintiff, Paul G. Jasper, was in his office in the State House approximately 20 days during the months of July, August and September, and during the rest of said year he was in the Capitol Building in Indianapolis in attendance upon the business of the Court an average of four days a week. The remainder of the time he spent either at his residence in Fort Wayne, Indiana, or elsewhere.

13. During the taxable years involved, the plaintiff, James A. Emmert, in Cause No. 3342, owned his home in the City of Shelbyville, Indiana. Said plaintiff maintained his voting residence in Shelby County, Indiana, during said years and for many years prior thereto. During the years involved he continued to maintain his church and club affiliations and listed his real and personal property for taxation and paid taxes thereon in Shelby County, Indiana. In Cause No. 3425, the plaintiff, Paul G. Jasper, owned his home in the City of Fort Wayne, Indiana. Plaintiff, Paul G. Jasper, maintained his voting residence in Allen County, Indiana, during said year and many years prior thereto. During the year involved in his case he continued to maintain his church and club affiliations and listed his real and person-

al property for taxation and paid taxes thereon in Allen County, Indiana.

### Conclusions of Law

From the foregoing facts the Court concludes:

1. The Court has jurisdiction over the parties and the subject matter in these causes of action.

2. The law is with the plaintiffs and against the United States of America in each cause of action.

3. The pertinent provisions of the Internal Revenue Code of 1939, as amended, applicable to the issues here involved are as follows:

Section 23(a) (1) (A):

"In computing net income there shall be allowed as deductions:

"(a) Expenses.

"(1) Trade or business expenses.

"(A) In general. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business * *."

Section 24. "Items not deductible

"(a) General rule. In computing net income no deduction shall in any case be allowed in respect of—

"(1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23(x)."

Section 48. "Definitions

"When used in this chapter—

* * * * * *

"(d) Trade or business. The term 'trade or business' includes the performance of the functions of a public office."

The pertinent Treasury regulation as promulgated under the Internal Revenue Code of 1939 is found in Treasury Regulations 111, at Section 29.23(a)—2, which is as follows:

"Section 29.23(a)—2. Traveling Expenses.—Traveling expenses, as ordinarily understood, include railroad fares and meals and lodgings. If the trip is undertaken for other than business purposes, the railroad fares are personal expenses and the meals and lodging are living expenses. If the trip is solely on business, the reasonable and necessary traveling expenses, including railroad fares, meals, and lodging, are business expenses.

"(a) If, then, an individual, whose business requires him to travel, receives a salary as full compensation for his services, without reimbursement for traveling expenses, or is employed on a commission basis with no expense allowance, his traveling expenses, including the entire amount expended for meals and lodging, are deductible from gross income.

* * * * * *

"Commuters' fares are not considered as business expenses and are not deductible."

The United States Supreme Court has said,

"Three conditions must thus be satisfied before a traveling expense deduction may be made under § 23 (a) (1) (A):

"(1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling.

"(2) The expense must be incurred 'while away from home.'

"(3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade." Commissioner v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 252, 90 L.Ed. 203.

4. Section 3, Article VII of the Constitution of Indiana provides:

"§ 3. Judicial districts.—The State shall be divided into as many districts as there are Judges of the Supreme Court; and such districts shall be formed of contiguous territory, as nearly equal in population, as, without dividing a county, the same can be made. One of said Judges shall be elected from each district, and reside therein; but said Judges shall be elected by the electors of the State at large."

5. Under the foregoing constitutional mandate and the laws of Indiana, a judge of the Supreme Court of Indiana and the place where he is to perform the major functions of his office are physically and geographically separated.

6. It is not a matter of personal desire, choice or convenience, that a judge of the Supreme Court of Indiana shall continue to reside in the judicial district from which he is elected. The framers of the Indiana Constitution intended that their Supreme Court judges maintain more than a mere legal domicile in their respective districts. In the constitutional debates leading up to the adoption of Section 3, Article VII, they expressly declared they wanted their Supreme Court judges to "live" in their districts in order to keep in touch with the "spirit and feelings of the bar" in their respective districts so that "the practice as well as the spirit of the law of the whole state shall be made up from different portions of the State." 1 Indiana Constitutional Convention, 1850, Debates and Proceedings, page 1652.

7. The requirement of Section 3, Article VII of the Indiana Constitution is both a qualification for office and a tenure requirement.

8. In order to produce and collect his salary, a judge of the Supreme Court of Indiana must continue to reside in the judicial district from which he is elected but he must perform the major functions of his office in the Capitol Building at the seat of government.

9. Indiana constitutional provisions similarly requiring county officers to reside in their respective counties during their incumbency have been construed by the highest court of Indiana to require such officers to be residents of their counties, not in the general sense of the term, but actually to be residents therein. Relender v. State, 1897, 149 Ind. 283, 49 N. E. 30.

10. Neither the plaintiff, James A. Emmert nor Paul G. Jasper was a commuter within the meaning of Treasury Regulations 111, Section 29.23(a)—2. Nor is the plaintiff, James A. Emmert to be penalized on the basis that he is a commuter because he has chosen to travel almost daily between his home and the court. By avoiding the additional expense of lodging he has minimized his business expense and has complied fully with the constitutional mandate.

11. Each of the three conditions necessary to satisfy the Code in order to permit the plaintiffs to deduct the claimed deductions herein involved have been met. It follows therefore that the Commissioner of Internal Revenue should have allowed the claims for refunds filed by the plaintiffs in each case and that they are entitled to judgments as prayed for.

12. Plaintiffs, James A. Emmert and Bernice Emmert, in Cause No. 3342, are entitled to have and recover of and from the United States of America, the sum of $414.01 with interest thereon from the 15th day of April, 1952 to the date of judgment together with the costs of said action.

13. Plaintiffs, Paul G. Jasper and Mary T. Jasper, in Cause No. 3425, are entitled to have and recover of and from the United States of America, the sum of $493.54 with interest thereon from the 14th day of April, 1952 to the date of judgment together with the costs of said action.

14. The Clerk will cause separate judgments to be entered in these actions in accordance with the foregoing conclusions.