Douglas A. CHANDLER et al.,
Petitioners,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

No. 4991.

United States Court of Appeals
First Circuit.

Nov. 2, 1955.

Paul B. Sargent, Boston, Mass., for petitioners.

Marvin W. Weinstein, Atty., Washington, D. C., H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack and Hilbert P.

Zarky, Attys., Washington, D. C., on the brief, for respondent.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is a petition brought by the taxpayers for a review of a decision of the Tax Court of the United States filed January 19, 1955, which determined a deficiency in the joint return of petitioners Douglas A. Chandler and Alise Chandler in the amount of $96.34.

The petitioners are husband and wife who resided in Attleboro, Massachusetts during the year 1950, the tax year in question. During this period, petitioner Douglas A. Chandler was employed by the City of Attleboro as principal of its high school. Chandler was also employed by Boston University as a teacher of accounting in its night division in Boston, Massachusetts. The alleged deficiency of $96.34 results from the disallowance of a deduction of $534.69 claimed under the provisions of § 22(n) (2) of the Internal Revenue Code of 1939 [1] for automobile expenses admittedly incurred by Chandler in going back and forth to his place of secondary employment in Boston.

In addition to this deduction claimed under § 22(n) (2) Chandler elected to take the standard deduction afforded by § 23(aa). The respondent contends that the deduction was improper under § 22 (n) (2), and that although it could have been taken in the form of itemized deductions under § 23(a), petitioner elected not to do so when he claimed the standard deduction.

■ It is clear that deductions may be taken under § 23(a) in lieu of the standard deduction, but not in addition thereto. Petitioner must, therefore, bring himself within § 22(n) (2) or fail.

The Tax Court said in effect that there was apparent accord between the parties that the disposition of this case should hinge upon whether or not the phrase "while away from home" should be interpreted to mean "away from home overnight". The Tax Court, however, found it unnecessary to consider this question since it decided against the petitioner on another ground, namely, that these expenses were not incurred "in connection with the performance by him (petitioner) of services as an employee."

In taking this position, the Tax Court said: "Teaching at Boston University required no travel in connection therewith. Indeed, it is stipulated that neither of petitioner's employers required him to incur any travel expenses in connection with his duties and the performance of services." The Tax Court went on to add that in those cases where traveling expense deductions had been allowed " * * * it will thus be seen that the claimed expenses bore a closer relationship to carrying out the employee's duties than expenses incurred in going to and from home and place of employment."

The Tax Court seems to rely for the basis of its decision in disallowing the deduction upon the last of the three conditions set forth by the Supreme Court in Commissioner of Internal Revenue v. Flowers, 1946, 326 U.S. 465, 470, 66 S.Ct. 250, 252, 90 L.Ed. 203:

"(3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his

---

[1]. 26 U.S.C. (1952 ed.)

"§ 22. *Gross income*

\* \* \* \* \* \* \* \*

"(n) *Definition of 'adjusted gross income'.* As used in this chapter the term 'adjusted gross income' means the gross income minus—

\* \* \* \* . \* \* \* \*

"(2) *Expenses of travel and lodging in connection with employment.* The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee; \* \* \*."

employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade."

In denying the deduction in the Flowers case, the Court went on to say 326 U.S. at page 474, 66 S.Ct. at page 254:

"Travel expenses in pursuit of business within the meaning of § 23(a) (1) (A) could arise only when the railroad's business forced the taypayer to travel and to live temporarily at some place other than Mobile, thereby advancing the interests of the railroad. Business trips are to be identified in relation to business demands and the traveler's business headquarters. The exigencies of business rather than the personal conveniences and necessities of the traveler must be the motivating factors. * * * "

The Court also said in 326 U.S. at page 473, 66 S.Ct. at page 254: "The railroad did not require him to travel on business from Jackson to Mobile or to maintain living quarters in both cities. * * * "

 Accordingly, it would seem that the Supreme Court has set up a test which specifies that "traveling expenses" must be required by the employer in order to be deducted as such under § 23(a) (1) (A). If this test is applicable to the instant case, as the Tax Court apparently thought, then clearly the deduction must be disallowed for it is stipulated that neither of his employers required Chandler to incur any travel expenses in connection with his duties and the performance by him of services as an employee. We believe that the facts in the instant case are very dissimilar and that, therefore, the test established by the Flowers opinion is not controlling. An examination of Joseph H. Sherman, Jr., 1951, 16 T.C. 332, reveals that the Tax Court regarded the Flowers decision as not controlling where the traveling expenses were incurred by a taxpayer in going back and forth between two widely separate places of employment. In the Sherman case the Tax Court said at page 337: " * * * This Court has heretofore recognized that a taxpayer may have more than one occupation or business, and has held that where it is shown that the taxpayer has two occupations which require him to spend a substantial amount of time in each of two cities, he is entitled to the deduction of traveling and other ordinary and necessary business expenses incurred in connection with attendance upon the one removed from his residence. * * * "

Thus it would seem that in the Sherman case the Tax Court found these expenditures to be reasonable and necessary traveling expenses because of the impossibility of the petitioner's being in two widely separate business locations simultaneously and without any necessity that a duty to travel be imposed upon the petitioner by his employers.

We agree with the opinion in the Sherman case that the Supreme Court decision in the Flowers case should not be extended to encompass those cases where the taxpayer is engaged in two businesses at widely separate geographical locations. We believe that a taxpayer who is required to travel to get to a place of secondary employment which is sufficiently removed from his place of primary employment is just as much within the statutory provision as an employee who must travel at the behest of his employer.

Moreover, it is clear that the Internal Revenue Service agrees with the holding in the Sherman case. Internal Revenue Service; Rev.Rul. 55–604, October 3, 1955 states, in part:

"It is also clear that where a taxpayer is engaged in business at two widely separated locations, he may deduct his expenses for meals and lodging while discharging his duties at that location which is removed from his principal post of duty. This position is in accord with * * * Brown v. Commis-

sioner, 13 B.T.A. 832, acquiesced, C.B. VIII–1, 6 (1929); * * *. Powell v. Commissioner, 34 B.T.A. 655, acquiesced, C.B. XV–2, 19 (1936); and the Sherman case, * * *." 24 LW 2164.

■ Accordingly, we are of the opinion that the Tax Court was in error in rejecting the petitioner's claim for a deduction under § 22(n) (2) on the ground that there was no sufficient relationship between the expenses involved and the petitioner's duties as an employeee.

The respondent in his brief quotes from our opinion in Amoroso v. Commissioner, 1 Cir., 1952, 193 F.2d 583, 586, certiorari denied 1952, 343 U.S. 926, 72 S.Ct. 759, 96 L.Ed. 1337. In that case a taxpayer whose home and principal place of employment was in Milton, Massachusetts was found not to be " 'away from home' " when he traveled in the greater Boston area. We said at 193 F.2d at page 585 that " * * * distance is an important factor in satisfying the 'while away from home' requirement", and we concluded that the Tax Court was not clearly erroneous in its finding. Here the petitioner traveled 37 miles. By way of contrast, in the Amoroso case, the taxpayer lived only 10 miles from Boston, and his home, Milton, was only another section of the same general metropolitan area. We conclude that the Amoroso case does not compel us to hold, as a matter of law, that the petitioner was not "away from home".

We now consider the following question: Should the phrase "away from home" be interpreted to mean "away from home overnight?" Internal Revenue Service; Rev.Rul. 55–604, October 3, 1955, raises some doubt in our mind as to whether it is necessary for this court to consider the "overnight" issue. In adopting the holding in the Sherman case, supra, the rule of that case is formulated as was stated above. Thus it will be seen that there has been no attempt to emphasize the "overnight" aspect of the case (though that taxpayer was in fact away overnight), but instead the emphasis has been placed upon the distances involved. The test by its express terms becomes whether or not the taxpayer is engaged in business at two "widely separated locations", without reference to whether or not he remained overnight.

We will assume, without deciding, that the "overnight" requirement was intended to be implicit within this statement of the holding in the Sherman case, and that the "widely separated locations" test is in addition to the "overnight" requirement and not in substitution therefor. If so, the apparently plain meaning of a simple and unambiguous phrase is transformed thereby from "while away from home" into something like "while far away from home overnight".

It seems to us that such changes are more in the nature of legislation than interpretation and accordingly go beyond the rule-making power of the Internal Revenue Service.

The only question, as we see it, is whether the petitioner can bring himself within the scope of the Sherman case. In that case the taxpayer's businesses were "widely separated" and he did in fact remain away overnight. However, we believe that these two factors are not controlling. In our view, taxpayer Sherman is to be regarded merely as one example of a man who was "away from home"; and not as representing the absolute and definitive minimum limit short of which the statutory requirement could not be satisfied as a matter of law.

■ We hold that the petitioner Chandler was clearly "away from home" in the statutory sense when he traveled to Boston from his tax home in Attleboro despite the fact that he did not remain in Boston overnight.

The Tax Court in Kenneth Waters, 1949, 12 T.C. 414, 416, said:

" 'Travel * * * while away from home' in its 'plain, ordinary and popular' sense means precisely what it says. It means travel while

away from one's home. There is no connotation that the trip must be an overnight one, nor do we think Congress intended such a connotation. Surely it would be absurd to say that an employee who flies from Boston to Washington on business and returns to Boston the same day is not entitled to the deduction, but that if he takes two days for the whole trip, he is entitled to the deduction. The petitioner's home was Independence and his daily post of duty in his employment was Independence, and on Sundays he traveled away from Independence to Parsons, and then back, in the business of his employer. Therefore, he is entitled to the deduction claimed for the automobile expense of such travel."

The decision of the Tax Court is reversed.