OPINION. Withey, Judge: The question presented as to the first issue is whether the entire amounts of the deductions taken by petitioners with respect to the automobiles, jeep, and chain saw, and their use are deductible as ordinary and necessary business expenses incurred by Crowther in his employment, as petitioners contend, or whether only the portions thereof allowed by respondent are so deductible, as the respondent contends. Crowther sought and obtained employment at various successive layouts in timberlands which were 40 miles or more from Fort Bragg where he lived, and continued to live, in his own home with his family. No living accommodations for him and his family were available at or near the layouts. Nor was public transportation available between the home and the layouts. None of Crowther’s employers provided him with transportation between his home and the layouts, nor did any of them impose upon him any requirement as to where he or his family should reside or as to the means that he should employ in traveling between his home and the layouts where he worked. The petitioners contend that in the foregoing situation it was inherently necessary that Crowther own and use automotive transportation in his employment and that the entire amounts of depreciation and other expenses incurred by him in providing himself with such transportation constituted deductible business expenses. The evidence clearly shows that Crowther’s use of the automobiles and jeep to travel between his home and the layouts was for the dual purpose of commuting between his home and his work and for transporting tools and equipment used by him in his employment. It has long been established that commuting expenses, or expenses incurred in traveling from home to one’s place of business or employment, are not deductible as business expenses. Frank H. Sullivan, 1 B. T. A. 93; Mort L. Bixler, 5 B. T. A. 1181; Charles H. Sachs, 6 B. T. A. 68; Abraham W. Ast, 9 B. T. A. 694; Begs. 111, sec. 29.23(a)-2. The rule is the same regardless of the distance traveled between home and the place of business, Commissioner v. Flowers, 326 U. S. 465, and regardless of any equitable consideration which makes the use of a particular mode of transportation necessary, John C. Bruton, 9 T. C. 882. The fact that public transportation is not available does not require that an exception be made to the rule, since if public transportation were available the fares paid for its use clearly would not be deductible. Consequently, automobile and jeep expenses incurred in lieu of such fares are not entitled to any different treatment, irrespective of whether public transportation is available or not. Nor do we think that the fact that living accommodations for Crow-ther and his family were not available at or near the layouts provides any stronger basis for an exception to the rule than the fact that public transportation was not available between his home and the layouts. Because of factual differences, cases cited by the petitioners, such as Harry F. Schurer, 3 T. C. 544, E. C. Leach, 12 T. C. 20, and James E. Pewrifoy, 27 T. C. 149, on appeal C. A. 4, involving the deductibility of traveling expenses of persons who were in a travel status and temporarily living away from home, and cases, such as Emmert v. United States, 146 F. Supp. 322, involving the deducti-bility of traveling expenses of judges of a State Supreme Court who were required by the constitution of their State to reside in the district from which they were elected but who were called upon to render the principal part of their services at the State Capitol which was outside of their districts, are without application here. In view of what has been said above, we hold that to the extent the automobile and jeep expenses in question represented commuting expense of Crowther, they were personal expenses and are not deductible as ordinary and necessary business expenses. In allowing a portion of the deductions taken for automobile and jeep expenses, the respondent has recognized, and we think properly so, that the automobiles and jeep, in addition to being used by Crow-ther to commute between his home and the various layouts at which he worked, also were used by him in his business or trade. In our opinion, the record, in some instances, warrants the allowance for such use of larger amounts than were allowed by the respondent. In those instances, we have found as best we could the amounts which constituted ordinary and necessary business expenses. In other instances, we are unable to find that the record warrants the allowance of any greater amounts than respondent has allowed. The respondent on brief concedes the deductibility for 1951 of $519.31 deducted for that year for saw and equipment repairs and the deductibility for 1954 of $65 paid in that year as a fee for the preparation of the income tax return of the petitioners for 1953. The petitioners have alleged error as to respondent’s disallowance of a portion of the deduction taken by them as medical expenses for 1954. The respondent has denied the allegation and petitioners have not submitted any evidence bearing on the question. In this situation the respondent’s action is sustained. In their petitions the petitioners have assigned certain errors and made certain allegations of fact, all of which the respondent has denied in his answer, and on brief have advanced certain contentions challenging the propriety of the administrative policy and procedures employed by respondent prior to his determination of the deficiencies here involved and challenging the propriety of his motives in making such determinations. We have jurisdiction to consider and determine, and have considered and determined in- the light of the evidence of record, the correctness of the respondent’s determinations of the deficiencies here involved. But we are without jurisdiction to consider and determine the propriety of the respondent’s motives in making such determinations, H. F. Kerr, 5 B. T. A. 1073, or the propriety of the administrative policy and procedures he employed prior to making such determinations, Clois L. Greene, 2 B. T. A. 148; Southern California Loan Association, 4 B. T. A. 223; Levine Brothers Co., Inc., 5 B. T. A. 689. Decisions will be entered under Bule 50.