Roy V. CARLSON and Dorothy Carlson, husband and wife, Plaintiffs,

v.

Calvin E. WRIGHT, District Director, Internal Revenue Service, United States Treasury Department, Defendant.

No. 2151.

United States District Court
D. Idaho, E. D.

Oct. 2, 1959.

Callis A. Caldwell, Pocatello, Idaho, for plaintiffs.

Ben Peterson, U. S. Dist. Atty., by J. J. Kilgariff, Department of Justice, Washington, D. C., for defendant.

FRED M. TAYLOR, District Judge.

The plaintiffs, Roy V. Carlson and Dorothy Carlson, husband and wife, seek a refund of $288.99, with statutory interest thereon, alleged to have been erroneously and illegally collected by the defendant as income tax for the year 1954. The plaintiff Dorothy Carlson is joined as a plaintiff solely by reason of her filing a joint income tax return with her husband for the year in question and all reference to "taxpayer" herein is intended to relate only to the plaintiff Roy V. Carlson.

The case was tried to the Court on May 20, 1959, and at the conclusion thereof taken under advisement. Briefs have been submitted by the respective parties and considered by the Court.

The question presented for decision is whether vehicle operating expenses incurred by Roy V. Carlson in traveling between his residence and certain jobs on which he was employed in the year 1954 are deductible as trade or business expenses under § 162(a) (2) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 162(a) (2), or are personal expenses and not deductible under § 262 of the Internal Revenue Code of 1954, 26 U.S. C.A. § 262.

Roy V. Carlson is a nonitinerant electrician and a member of Local Union 449, International Brotherhood of Electrical Workers. He began his apprenticeship as an electrician in 1942, and has since that time, with the exception of three years while in the Army, pursued his

trade in the area under the jurisdiction of the said Local. Since 1941 he has maintained and resided with his family at a home on Route 1, North Pocatello, Idaho. The area under the jurisdiction of Local Union 449 covers the whole of Southeastern Idaho, and said Local maintains a permanent business office in Pocatello, Idaho.

The travel expenses which the taxpayer claims to be deductible are those incurred in travel between his home and jobs on which he was employed in the year 1954 as follows: first, a job with the Cache Valley Electric Company at the AEC site beginning February 8, 1954, and terminating April 9, 1954; second, a job with H. T. Electric Company at the Monsanto Plant near Soda Springs, Idaho, lasting from April 12 through April 15, 1954; third, a job with the Reynolds Electric and Engineering Company at the AEC site, commencing May 15, 1954, and continuing into February of 1955, at which time the taxpayer, fearing the termination of this job, quit to take another job at the AEC site with the Foothill Electric Company.

The Atomic Energy Commission (AEC) site is Government property maintained exclusively for atomic energy purposes. It is located in the desert area near Arco, in Southeastern Idaho, and is approximately 30 miles in width and 45 to 50 miles in length. The area surrounding the site is also desert and at the times relevant here, there was no available places for habitation on or within 20 to 25 miles of the entrance to the site. The jobs upon which plaintiff worked at the AEC site in 1954 were located about 35 miles from such entrance.

In his 1954 income tax return, the taxpayer claimed a deduction of $1,389.-30 as automobile expenses at the rate of six cents per mile for 23,155 miles traveled in going to and from his home and all of said above mentioned job sites. Said deduction was denied by the District Director of Internal Revenue and on demand the plaintiff taxpayer paid an additional tax of $288.99 which he now seeks to have refunded with interest.

The defendant does not question the total miles traveled or the reasonableness of the six cents per mile as the expense in operating an automobile.

The record fails to disclose how many trips were made and the number of miles traveled by taxpayer in his automobile on each of said jobs. Such information cannot be computed from the evidence except as to the H. T. Electric Company job at the Monsanto plant near Soda Springs, Idaho.

The relevant provisions of the statute governing the claimed deductions are set out at 26 U.S.C.A. § 162 as follows:

"§ 162(a) In general.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * *

"(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *."

Treasury Regulations on Itemized Deductions for Individuals and Corporations (1954 Code) provide:

"Section 1.162–2 Traveling Expenses.— * * * (e) Commuters' fares are not considered as business expenses and are not deductible."

It appears that the traveling expenses involved here should not be considered commuting expenses. Crowther v. Commissioner of Internal Revenue, 9 Cir., 1959, 269 F.2d 292. Cf. Chandler v. Commissioner of Internal Revenue, 1 Cir., 226 F.2d 467; Emmert v. United States, D.C., 146 F.Supp. 322.

The problem of the deductibility of traveling expenses of nonitinerant construction workers has proved, in general, to be a difficult one. The courts seem to have decided each case on the facts and circumstances existing therein.

It is stated in Commissioner of Internal Revenue v. Peurifoy, 4 Cir., 254 F.2d 483, at page 486:

"When a taxpayer accepts employment at a place removed from the

residence he maintains for his family his travel and maintenance expense is not usually deductible under § 23(a) (1) (A). Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203. Indeed under the rule of Commissioner of Internal Revenue v. Flowers the expense, in order to be deductible, must be 'required by the exigencies' of the employer's business, not those of the calling of the employee. 'The job, not the taxpayer's pattern of living, must require the travel.' Carragan v. Commissioner, 2 Cir., 197 F.2d 246, 249. That an employee for reasons personal to himself and his family maintains a home at a distance from his business does not serve the business of the employer and ordinarily his travel expense and the expense of his maintenance at either place is not deductible. Commissioner of Internal Revenue v. Flowers, supra, Barnhill v. Commissioner, 4 Cir., 148 F.2d 913, 159 A.L.R. 1210."

The above cited case was affirmed in a per curiam opinion, Peurifoy v. Commissioner of Internal Revenue, 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30. See also Commissioner of Internal Revenue v. Janss, 8 Cir., 260 F.2d 99; Claunch v. Commissioner of Internal Revenue, 5 Cir., 264 F.2d 309. To the rule announced in the Flowers case stated above, the United States Supreme Court, in its Peurifoy opinion, noted an exception, stating [358 U.S. 59, 79 S.Ct. 105]:

"To this rule, however, the Tax Court has engrafted an exception which allows a deduction for expenditures of the type made in this case when the taxpayer's employment is 'temporary' as contrasted with 'indefinite' or 'indeterminate'. Compare Schurer v. Commissioner, 3 T.C. 544; Leach v. Commissioner, 12 T.C. 20; Albert v. Commissioner, 13 T.C. 129, with Warren v. Commissioner, 13 T.C. 205; Whitaker v. Commissioner, 24 T.C. 750. The

respondent does not in the present case challenge the validity of this exception to the general rule.

"Resolution of this case is presented to us turns, therefore, upon a narrow question of fact—Was the petitioners' employment 'temporary' or 'indefinite'?"

A literal application of a requirement that travel expenses, to be deductible, must be required by the exigencies of the business of the taxpayer's employer, and not those of the calling of the employee, would necessitate a holding for the defendant in this case.

■ However, several decisions appear to view the Flowers decision is limited to its factual situation and as only standing for the proposition that travel expenses caused by the taxpayer in keeping his home at a distance from his business or employment for his own purposes are not ordinary and necessary travel expenses required in the pursuit of a trade or business within section 162, and hence not deductible. Cf. Sherman v. Commissioner, 16 T.C. 332 (acquiesced); Chandler v. Commissioner of Internal Revenue, 1 Cir., 226 F.2d 467; Crowther v. Commissioner of Internal Revenue, supra. To be deductible such expenses must be due to the exigencies of the taxpayer's trade or business or those of his employer and not due to the taxpayer's personal needs or desires.

It seems that the Internal Revenue Service has not sought to extend the "Rule of the Flowers Case" to a different factual situation than that involved in that case. Cf. Rev.Rul. 55–604, and the Special Ruling dated May 4, 1956, 565 CCH ¶6428, referred to in CCH, Standard Federal Tax Reporter, '59, Vol. 1, ¶1352.015.

The acceptance by the Supreme Court in the Peurifoy case of the "exception" to the Flowers rule seems to indicate that the so-called Flowers rule is not entitled to a literal application in all factual situations since it is clear that in cases where the "exception" has been applied the claimed expenses were not required

by the exigencies of the business of the taxpayer's employer, but only by the exigencies of the business or trade of the taxpayer.

Although, in many of the cases, considerable discussion has revolved around the meaning of "home" as used in section 162, the Court believes, as is suggested by the opinion in Barnhill v. Commissioner of Internal Revenue, 4 Cir., 148 F.2d 913, 159 A.L.R. 1210, that the actual problem should be determined, not by reference to a technical definition of the word "home", but rather by a consideration of whether, under the circumstances, a particular expense may properly be considered an ordinary and necessary expense due to the exigencies of the taxpayer's trade or business and incurred in the pursuit thereof while away from the town or area where the taxpayer resides and maintains his permanent residence.

■ Where a taxpayer chooses to reside in an area different than that where his principal place of business or employment is, the traveling expense incurred in traveling between the taxpayer's residence and his place of business or employment is not regarded as an ordinary and necessary expense incurred in pursuit of the taxpayer's trade or business, but is considered a personal expense caused by the taxpayer because of having his home, for his own convenience, at a distance from his business. Barnhill v. Commissioner of Internal Revenue, supra; Commissioner of Internal Revenue v. Flowers, supra. However, it is not in every case where the taxpayer operates a business or is employed at a location at a distance from where he resides that he is denied traveling expenses between his home and his place of business or employment. In these cases where the taxpayer has been allowed to deduct his traveling expense, it is fair to say that the expense may be regarded as due to the exigencies of the taxpayer's trade or business, and hence the expense is an ordinary and necessary one. Cf. Chandler v. Commissioner of Internal Revenue, supra; Sherman v. Commissioner of Internal Revenue, supra; Coburn v. Commissioner, 2 Cir., 138 F.2d 763; Schurer v. Commissioner, 3 T.C. 544; Leach v. Commissioner, 12 T.C. 20; Crowther v. Commissioner of Internal Revenue, supra; Emmert v. United States, D.C., 146 F.Supp. 322.

■ It is settled that a taxpayer cannot deduct expenses incurred in traveling between his home and his place of business when both are located in the same city or area. Such expenses are "commuting" expenses and are not incurred "while away from home". Likewise, it is clear that a taxpayer cannot deduct as ordinary and necessary expenses those which he could avoid by residing as near as possible to the place or places where his major economic activities are being carried on. However, when a taxpayer has located his residence so as to minimize the traveling expenses necessary to carry on his trade or business, this Court feels he should be entitled to deduct any traveling expenses reasonably and necessarily incurred in traveling between his home and place of business or employment when such business or place of employment is located outside of the area or city where the taxpayer resides.

■ According to the Peurifoy opinions, a taxpayer who takes a job of substantial duration must, when possible, reside in the vicinity of such job. However, where a job is "temporary"—that is, of short duration from the inception—the taxpayer may deduct, as ordinary and necessary expenses incurred in the pursuit of his trade or business, reasonable travel expenses incurred in connection with travel between his home and the job.

■ In accordance with the foregoing and what appears to be the views of the Court of Appeals for the Ninth Circuit, as expressed in the case of Crowther v. Commissioner of Internal Revenue, supra, this Court believes that in the determination of this case the following principles are controlling:

(1) The phrase "away from home" as used in the statute means away from the town or area where the taxpayer resides and maintains his permanent residence.

(2) The taxpayer may deduct any ordinary and necessary expenses caused by the exigencies of his trade or business and incurred in the pursuit thereof "while away from home."

(3) That where a taxpayer is employed on a job of indeterminate or substantial duration, he cannot claim as ordinary and necessary expenses those which could be avoided by residing in proximity to his job. Where, however, a taxpayer's employment generally involves a series of jobs, and he resides centrally to such jobs, travel expenses incurred in traveling between the taxpayer's home and a "temporary" job outside of the town or area where the taxpayer maintains his residence may be regarded as due to the exigencies of the taxpayer's trade or business and is deductible.

The taxpayer here, while employed on the three jobs in question, maintained and resided at his permanent home in the metropolitan area of Pocatello. On each of the three jobs the taxpayer was employed outside of the metropolitan area where he maintained his home.

■ Each of the jobs with Cache Valley Electric Company and the H. T. Electric Company was "temporary" in nature and the traveling expense claimed on each of these jobs was due to the exigencies of the taxpayer's trade and should be deductible. However, it cannot be determined from the record how much expense was incurred by the taxpayer on the Cache Valley Electric Company job and therefore, due to the lack of proof, cannot be allowed by this Court.

■ On reviewing all the facts and circumstances here, the Court is of the opinion that the job with the Reynolds Electric Company cannot be regarded as a "temporary" job within the rationale of that term as developed in the Peurifoy opinions. However, some of the traveling expenses incurred in traveling to this job were unavoidable due to the nature and extent of the AEC site as a Government Reservation. It appears from the record that it was a practical impossibility for the taxpayer to reside closer than about 55 miles from the location of the Reynolds job on the AEC site. Such unavoidable travel may be properly regarded as required by the exigencies of the taxpayer's trade and the taxpayer should be permitted to deduct the travel expense incurred in the travel to and from the said Reynolds Electric job and the closest point that taxpayer could have resided, or, 110 miles travel expense. However, here again, there is not sufficient evidence from which it can be ascertained how many trips this taxpayer made in his vehicle so as to compute the mileage and expenses to be deducted.

In accordance with the above and foregoing, it will be necessary to recompute the amount of tax refund to which plaintiffs are entitled. After this is done, counsel for the plaintiff shall prepare Findings of Fact, Conclusions of Law, and a Proposed Judgment, serve copies of the same on counsel for the defendants and submit the originals to the Court for approval.