**Ralph HESS and Kaye E. Hess,**
**Plaintiffs,**

v.

**UNITED STATES of America,**
**Defendant.**

**No. KC–3010.**

United States District Court,
D. Kansas.

May 3, 1971.

Lyle M. Hanson, Mission, Kan. and by Albert L. Park, Lawrence, Kan., for plaintiffs.

Johnnie M. Walters, Asst. Atty. Gen., Jerome Fink and Douglas G. Anderson, Attys., Dept. of Justice, Washington, D. C., and by Robert J. Roth, U. S. Atty., Wichita, Kan. and James A. Pusateri, Asst. U. S. Atty., Kansas City, Kan., for defendant.

## MEMORANDUM OF DECISION

ARTHUR J. STANLEY, Jr., Senior District Judge.

This is an action to recover taxes which the plaintiffs allege to have been illegally and erroneously assessed and collected. The parties, as a part of the pretrial order, have stipulated as to the facts and have submitted the case to the court for determination.

The facts material to a resolution of the case are as follows: The plaintiffs are husband and wife, who have resided on Rural Route 3, Baldwin, Kansas, since 1963. Kaye Hess is joined as a plaintiff solely because she filed a joint income tax return with her husband for the year in question, and all reference to "taxpayer" herein is intended to relate only to the plaintiff Ralph Hess. Mr. Hess has been employed as an electrician since 1955, and has held a license as a journeyman electrician since 1960. At all times material hereto the taxpayer has been a member of Local No. 226, International Brotherhood of Electrical Workers, which is located at 2020 East 21st Street, Topeka, Kansas, and all of his work has been obtained through the business agent of that local. When the plaintiff completes a job to which he has been assigned, he reports to the business agent for assignment to another job.

Mr. Hess has obtained a letter from his union's business agent indicating that, due to a shortage of work in his normal work area consisting of the cities of Baldwin and Lawrence, it was necessary that the taxpayer be assigned work outside of his regular area. Consequently, early in March of 1964, the taxpayer was assigned by the union to work for the O. K. Johnson Electric Company at its White Lakes Shopping Center project in Topeka. He worked for that company until October 15, 1964, when he was laid off, apparently because the company was displeased when he took a vacation before the job was completed. During the period in which he was employed by Johnson, Mr. Hess drove from his home in Douglas County to the White Lakes project and returned home every evening. The plaintiff asserts that this is a distance of approximately 54.6 miles per day.

It is the taxpayer's contention that the expenses which he incurred in driving to and from the White Lakes project constitute a deductible business expense under 26 U.S.C.A. § 162(a) (2). The government argues that the expenses of taxpayer in going to and from his work assignment were no different than those of any commuter. The parties have stipulated that if the taxpayer is found to be entitled to deduct the cost of travel to and from Topeka, such expense amounted to $941.50.

Title 26 U.S.C.A. § 162(a) (2) reads in pertinent part as follows:

*"Trade or Business Expenses.*

"(a). *In General.*—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

\* \* \* \* \* \*

"(2) traveling expenses \* \* \* *while away from home* in the pursuit of a trade or business \* \* \*." (Emphasis supplied)

The principal issue in this case is whether the taxpayer was "away from home" when the expenses were incurred.

In Commissioner of Internal Revenue v. Stidger, 386 U.S. 287, 87 S.Ct. 1065, 18 L.Ed.2d 53 (1967), the Supreme Court of the United States held that "home," within the meaning of § 162, means one's duty station, as opposed to the location of his residence. Although that case involved a military taxpayer who attempted to deduct his overseas expenses, the cases cited by the Court in footnotes and

elsewhere in the opinion clearly indicate that the decision was not limited to the overseas situation or to military personnel.

■ In this case, the record reflects that the taxpayer worked out of the union hall which was located in Topeka, Kansas. His deposition indicates that when he finished a job, he reported to the union business agent in Topeka and affixed his signature to a referral register, from which job assignments were made. Although the union may have attempted, as an accommodation to the taxpayer, to assign work to him in the Baldwin and Lawrence area, in my judgment, under the facts existing in this case, the taxpayer's duty station was not limited to those cities. The fact that he reported routinely to Topeka when he finished a job is convincing evidence that Topeka was included within his duty station. Furthermore, it is undisputed in this case that the White Lakes project was located within the geographical jurisdiction of the local union. In these circumstances, I conclude that the travel expenses in issue were not incurred while the taxpayer was "away from home" within the meaning of § 162, as construed in *Stidger,* but were in fact commuting expenses which cannot be distinguished from those of any suburban commuter. Such expenses are not deductible. United States v. Tauferner, 407 F.2d 243 (10th Cir. 1969).

■ Although the government has not attempted to support its case upon the basis of the distinction made in C. I. R. v. Peurifoy, 254 F.2d 483 (4th Cir. 1957), aff'd, 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30 (1958) and Cockrell v. C. I. R., 321 F.2d 504 (8th Cir. 1963), between employment that is "temporary" and employment of "indefinite duration," the application of this test would appear to support the government's position. The significance of the distinction for our purposes is that travel expenses to a job that is temporary are deductible under § 162, whereas those expenses incurred in traveling to a job of indefinite duration are not. Even in the Ninth Circuit, which has generally taken a view more favorable to the taxpayer than other Circuits, *e. g.,* Crowther v. C. I. R., 269 F.2d 292 (9th Cir. 1959); Wright v. Hartsell, 305 F.2d 221 (9th Cir. 1962) (but see Smith v. Warren, 388 F.2d 671 (9th Cir. 1968), it would not appear that Mr. Hess would be entitled to deduct his travel expenses to Topeka during the period in question.

In *Hartsell,* the taxpayer, a pipe-fitter, worked for one company from June of 1954 until April, 1955, and worked for a second company from October, 1955 to June, 1956. The court characterized both of these jobs as being of indefinite duration. The employment of Mr. Hess in our case was of only slightly shorter duration (approximately 7½ months) than those of the taxpayer in *Hartsell.* Because the taxpayer in *Hartsell* worked on an Atomic Energy Commission project which was located some distance from the nearest community, due to the danger involved, he was allowed to deduct travel expenses from the nearest community to the jobsite, but *not* from his home to the job. See also Carlson v. Wright, 181 F.Supp. 568 (D.Ida.1959). No such special circumstances exist in our case. As the court said in Berhow v. United States, 279 F.Supp. 737 (D. Neb.1968):

> "It is incumbent upon the taxpayer, however, to bring himself within the rule. We have determined that the plaintiff has failed to show that his commuting expenses between Oak Creek, Wisconsin, to the job site at Kenosha, Wisconsin, were anything other than normal commuting expenses. * * * The distance traveled by the taxpayer was 25 miles each way; not an unusual, extraordinary distance. We do not believe that the expenses claimed as a deduction fall within the rule." (p. 739)

These comments are equally applicable to our case. I conclude that the taxpayer may not deduct expenses incurred in

traveling to and from his home and the White Lakes jobsite.

Counsel for the government will prepare and submit an appropriate order.