Edwin B. Gurney and June Gurney v. Commissioner.
Gurney v. Commissioner
Docket No. 2572-70 SC.
United States Tax Court
T.C. Memo 1971-329; 1971 Tax Ct. Memo LEXIS 5; 30 T.C.M. (CCH) 1429; T.C.M. (RIA) 71329; December 28, 1971, Filed Edwin B. Gurney, pro se, 1412 Bridge St. and 2036 - 10th Ave., Clarkston, Wash. Joe K. Gordon and Alfred C. Bishop, Jr., for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $454.40 in petitioners' Federal income tax for the year 1967. The only issue *6 for our decision is whether petitioner Edwin B. Gurney, a construction worker, is entitled to deduct as ordinary and necessary business expenses the costs of operating his automobile in traveling 60 miles each workday from his residence to his principal place of employment at the Dworshak Dam and home again. Findings of Fact Some of the facts have been stipulated by the parties and are found accordingly. Edwin B. Gurney (herein called petitioner) and his former wife, June Gurney, were legal residents of Clarkston, Washington, when they filed their petition in this proceeding. During 1967 they were married, but they were divorced on May 7, 1969. They filed a joint Federal income tax return for the taxable year 1967 with the district director of internal revenue at Boise, Idaho. Since 1954 Edwin and June Gurney have lived in the Lewiston, Idaho, and Clarkston, Washington, area. Their children attended school there. They were registered voters and licensed their automobiles in Lewiston or Clarkston. Petitioner is a heavy construction truck driver. He makes all of his construction trade employment contacts through Teamster's Union Local No. 551 in Lewiston, which has jurisdiction *7 over a 40,000 square mile area including north central Idaho and certain counties in eastern Washington. Each time petitioner was laid off a job he would register at the local union hall as available for work. He usually worked on construction jobs located away from the Lewiston-Clarkston area. Except for his work at the Dworshak Dam site, petitioner's construction employment at each job site usually lasted less than 16 weeks. On September 26, 1966, petitioner was dispatched as a flatbed truck driver to Dworshak Dam Constructors, operating at the Dworshak Dam job site near Orofino, Idaho. The construction of the dam was a long-term project. Petitioner was employed continuously at the Dworshak Dam site until December 20, 1968. The nature of petitioner's job was such that his "shift" began and ended 30 minutes ahead of the regular working hours. Orofino is located in the north central part of the State of Idaho and is a town of about 2,500 population. The distance from Orofino to Clarkston is about 60 miles. It would have been difficult and burdensome for petitioner to have moved his family to Orofino during 1967 because of the influx of population into that area and the lack *8 of adequate living and school facilities. Each working day during the period of petitioner's employment at the Dworshak Dam job site he drove his automobile from his residence to the job site near Orofino and returned to his residence at the end of the day. Other construction jobs proposed or in progress during 1966, 1967 and 1968 were mainly in locations other than the Orofino area. During 1967 the petitioner owned an 80-acre ranch in Lewiston, and later a 22-acre ranch in Clarkston where he raised sheep. In 1967 this operation resulted in a loss of $1,224. Petitioner incurred no extra expenses for travel by virtue of the fact that he traveled from his principal place of employment at the Dworshak Dam job site to his residence where he conducted the ranching operations. On his Federal income tax return for 1967 the petitioner deducted $2,567 as employee business expense. This was the total 1430 cost of his daily travel by automobile from Clarkston to the dam site and return. Respondent disallowed the entire amount as being a commuting expense. Opinion Petitioner's primary contention is that the expenses he incurred in driving to and from the Dworshak Dam job site constitute *9 deductible business expenses under section 162(a), Internal Revenue Code of 1954. Respondent, on the other hand, argues that the expenses claimed are simply commuting costs which are nondeductible personal expenses under 262. [1] We agree with the respondent. The main thrust of petitioner's position is that the alleged temporary nature of his job at the Dworshak Dam site converts what would normally be treated as commuting expenses into ordinary and necessary business expenses. We have previously rejected such an argument. See William B. Turner, 56 T.C. 27 (1971), on appeal (C.A. 2). In the Turner case we stated that the concepts of "temporary" or "indefinite" employment relate to the issue of whether it is reasonable for a taxpayer to move his residence near to his employment. The concepts are of little or no concern in distinguishing transportation from commuting expenses. William B. Turner, supra at p. 31. Our concern herein is whether the expenses of *10 the workday trips between petitioner's residence and his principal place of employment at the Dworshak Dam are deductible. We think the expenses are commuting expenses, i. e., those necessary, yet personal, expenses required for an employee to reach his job. It is of no consequence that the Dworshak Dam job might have been temporary in duration, since the expenses involved were only those which enabled petitioner to reach his principal place of employment. See and compare William L. Herer, 32 T.C. 947, 953 (1959), affd. 283 F. 2d 865 (C.A. 5, 1960); United States v. Tauferner, 407 F. 2d 243 (C.A. 10, 1969); Sanders v. Commissioner, 439 F. 2d 296 (C.A. 9, 1971); Curtis v. Commissioner, 71-2 USTC 9666 (C.A. 5, 1971), affirming a Memorandum Opinion of this Court, and Hess v. United States, 27 A.F.T.R. 2d 71-1446 (D. C. Kan. 1971). Since the petitioner was not away from home overnight, it is also clear that his expenses are not deductible under section 162 (a)(2). See United States v. Correll, 389 U.S. 299 (1967). Petitioner's reliance on cases such as Crowther v. Commissioner, 269 F. 2d 292 *11 (C.A. 9, 1959); and Carlson v. Wright, 181 F. Supp. 568 (D.C. Ida., 1959), is misplaced. Those cases do not compel the result sought by petitioner for two reasons. (1) They are factually distinguishable and (2) their controlling principles have been undermined by subsequent decisions. See Sanders v. Commissioner, supra at p. 298; and Smith v. Warren, 388 F. 2d 671 (C.A. 9, 1968). In our opinion the views expressed by the District Court in Hess v. United States, supra, are sounder than those enunciated in Carlson v. Wright, supra.
Petitioner asserts that a construction worker does not have a permanent locus of employment, but is required to travel from job to job in order to carry on his trade or business. That is true, but the mere fact that he may report to more than one job site on different days does not make his commuting expenses deductible. Williard I. Thompson, 15 T.C. 609, 612 (1950). Petitioner also claims that the automobile expenses were ordinary and necessary because no transportation was provided to the Dworshak Dam job site and that he was required to arrive and depart on a different schedule *12 from other employees. The mere fact that public transportation does not meet the taxpayer's schedule or is otherwise unavailable does not serve to convert commuting expenses into deductible business expenses. Lenke Marot, 36 T.C. 238 (1961); Margaret Galotta Sheldon, 50 T.C. 24 (1968); and James M. O'Hare, 54 T.C. 874 (1970). Alternatively, petitioner contends that the expense of travel, including meals and lodging at Lewiston-Clarkston, from his principal place of employment at the Dworshak Dam to his residence, where he conducted his ranching operation, is deductible since it involved travel from his principal post of duty to his minor post of duty. He relies on Revenue Ruling 54-147, 1954-1 C.B. 51. We reject this contention. If the minor post of duty is located at the taxpayer's residence, 1431 as it is here, the revenue ruling is inapplicable. Since petitioner's ranching activities were carried on at his residence, he had no additional expenses (outside of commuting) in traveling from the construction job to his ranching business. See and compare James v. United States, 308 F. 2d 204 (C.A. 9, 1962). This situation *13 is simply beyond the scope of the revenue ruling because the conduct of a minor business at a taxpayer's residence cannot transform an otherwise nondeductible commuting expense into a deductible business expense. Moreover, any claimed deduction for meals and lodging at Lewiston-Clarkston is barred by the Correll decision. Accordingly, we hold that the petitioner is not entitled to deduct the expenses incurred in traveling to and from his residence and the Dworshak Dam job site. Decision will be entered for the respondent. Footnotes
1. See also section 1.62-1(g), section 1.162-2(e) and section 1.262-1(b)(5), Income Tax Regs.↩, which all provide that the cost of commuting to and from work is not deductible.