Patricia A. Smith (Klein) v. Commissioner.
Smith v. Commissioner
Docket No. 5000-70.
United States Tax Court
T.C. Memo 1972-148; 1972 Tax Ct. Memo LEXIS 109; 31 T.C.M. (CCH) 739; T.C.M. (RIA) 72148; July 6, 1972. Filed Tried in Tampa, Florida. Duane H. Klein, for the petitioner. Robert J. Shilliday, Jr., for the respondent. respondent. DAWSON
Memorandum Opinion DAWSON, Judge: Respondent determined deficiencies in petitioner's Federal income taxes for the years 1965 and 1966 in the amounts of $131.43 and $157.38. The only issue for decision is whether the petitioner *110 is entitled to deduct as ordinary and necessary business expenses the costs of operating her automobile in traveling at least 55 miles one-way (110 miles round trip) each workday from her residence in El Paso to her place of employment at the White Sands Missile Range and home again. All of the facts have been stipulated by the parties and are so found. To the extent deemed pertinent the facts are summarized below. Petitioner's legal residence was in Tampa, Florida, when she filed her petition in this proceeding. Her individual Federal income tax returns for the years 1965 and 1966 were filed with the district director of internal revenue at Austin, Texas. During the years 1965 and 1966 the petitioner resided in El Paso, Texas; and she was employed as a secretary by the 740 North American Aviation Corporation at the White Sands Missile Range, Las Cruces, New Mexico. Petitioner commuted to work form her residence each workday. As a condition of her employment, she was required to report to various locations on the missile range at the beginning of each workday. Petitioner drove her automobile to and from work a total of 7,420 miles in 1965 and 8,450 miles in 1966. The mileage *111 between her residence and her place of employment ranged from 110 to 134 miles round trip depending on the location on the proving grounds where she was required to report. On her Federal income tax returns for 1965 and 1966 the petitioner used the standard mileage rate (10 cents per mile) in claiming expenses of $742 and $845 for traveling to and from the White Sands Missile Range. Respondent disallowed the entire amounts claimed. Petitioner contends that the expenses she incurred in driving to and from the White Sands Missile Range job sites constitute deductible business expenses under section 162(a), Internal Revenue Code of 1954. Respondent, on the other hand, argues that the expenses claimed are simply commuting costs which are nondeductible personal expenses under 262. [1] We agree with the respondent. It is well settled that the cost of commuting or driving to work constitutes a nondeductible personal expense. Commissioner v. Flowers, 326 U.S. 465 (1946); *112 Sanders v. Commissioner, 439 F. 2d 296 (C.A. 9, 1971), affirming 52 T.C. 964 (1969); United States v. Tauferner, 407 F. 2d 243 (C.A. 10, 1969); Steinhort v. Commissioner, 335 F. 2d 496 (C.A. 5, 1964), remanding on other grounds a Memorandum Opinion of this Court; Heuer v. Commissioner, 283 F. 2d 865 (C.A. 5, 1960), affirming per curiam, 32 T.C. 947 (1959). "Commuting is commuting, regardless of the nature of the work engaged in, the distance traveled, or the mode of transportation used." William B. Turner, 56 T.C. 27, 33 (1971). Since the petitioner was not away from home overnight, it is also clear that her expenses are not deductible under section 162(a)(2). See United States v. Correll, 389 U.S. 299 (1967). Petitioner's reliance on cases such as Crowther v. Commissioner, 269 F. 2d 292 (C.A. 9, 1959); and Carlson v. Wright, 181 F. Supp. 568 (D.C. Ida., 1959), is misplaced. Those cases do not compel the result sought by petitioner for two reasons: (1) They are factually distinguishable and (2) their controlling principles have been undermined by subsequent *113 decisions. See Sanders v. Commissioner, supra at p. 298; and Smith v. Warren, 388 F. 2d 671 (C.A. 9, 1968).[2]
Accordingly, we hold that the petitioner is not entitled to deduct the expenses she incurred in traveling to and from her residence and the White Sands job sites. Decision will be entered for the respondent. Footnotes
1. See also section 1.62-1(g), section 1.162-2(e) and section 1.262-1(b)(5), Income Tax Regs.↩, which all provide that the cost of commuting to and from work is not deductible.
2. See also Walter J. White, T.C. Memo. 1972-67↩, involving a cryogenics technician employed by the Western Electric Company at the White Sands Missile Range.