**Homer O. CORRELL and Dorothy Correll, Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 16767.**

United States Court of Appeals
Sixth Circuit.

Nov. 29, 1966.

Edward Lee Rogers, Dept. of Justice, Washington, D. C., (Richard M. Roberts, Acting Asst. Atty. Gen., Meyer Rothwacks, David O. Walter, Attorneys Department of Justice, Washington, D. C., on the brief), for appellant. John H. Reddy, U. S. Atty., G. Wilson Horde, Asst. U. S. Atty., Chattanooga, Tenn., of Counsel.

Ford P. Mitchell, Chattanooga, Tenn., Carl A. Swafford, William L. Taylor, Jr., Chattanooga, Tenn., on the brief, for appellees.

Before WEICK, Chief Judge, EDWARDS and PECK, Circuit Judges.

WEICK, Chief Judge.

Taxpayer, Homer O. Correll, was a salesman, employed by a wholesale grocery company. He traveled by automobile daily to various cities in behalf of his employer, to make sales to restaurants, leaving his residence early in the morning and returning in the evening.

The question in this case is whether taxpayer may deduct the cost of his meals, for which he was reimbursed by his employer, as expenses incurred in the pursuit of his trade or business "while away from home" under Section 162(a) (2) of the Internal Revenue Code of 1954, 26 U.S.C. § 162(a) (2) (1958).

The Commissioner of Internal Revenue disallowed the deduction and assessed a deficiency. Taxpayer paid the tax applied for a refund, and upon its denial sued in the District Court to recover the amount of payment.

The District Judge submitted the issues to a jury, which returned a verdict in favor of taxpayer, and judgment was entered on the verdict against the Government for the full amount of the refund, plus interest.

In its appeal, the Government contends that the District Court erred in not granting its motions for a directed verdict and for judgment notwithstanding the verdict. It is the position of the Government that the cost of meals was not deductible unless the duration of travel was so extensive as to require taxpayer to obtain sleep or rest. The Government concedes that if he had remained away from home overnight, he would have been entitled to the deduction for lodging and meals.

The facts were not in dispute. Taxpayer lived in Fountain City, Tennessee, which is a suburb of Knoxville. It is located about forty-five miles from Morristown, Tennessee, which was the location of the place of business of his employer. Taxpayer's territory included the cities of Madisonville, Engelwood, Etowah, Athens, Sweetwater, Lake City, Caryville, Jacksboro, LaFollette, and Jellico, all of which were located in eastern Tennessee. Taxpayer's employer required him to be in his territory at the beginning of the business day. To do so he had to arise at 4:30 o'clock A.M. in order to drive the necessary distance and to arrive in his territory at the required time. He was required to eat his breakfast and lunch at customers' restaurants, where his employer could reach him by telephone if necessary. He traveled from 150 to 175 miles each day, returning home about 5:30 o'clock P.M.

Taxpayer's employer reimbursed him for his expenses incurred for breakfasts and lunches. The Government contends that the amount of the reimbursement should be included in his income. It argues that no deduction for personal living expenses is allowed. 26 U.S.C. § 262 (1958). It states that most people engaged in business eat one or more meals away from home each day and are allowed no deduction therefor.

The Commissioner has for many years applied the "overnight rule" as the test of deductibility of expenses incurred for meals on business trips.[1] It was not until 1958, however, that regulations were adopted which mentioned for the first time the word *overnight*.[2]

The Tax Court has supported the Commissioner's view in a number of cases.[3] Other Courts have not.

The closest appellate case in point is Hanson v. Commissioner of Internal Revenue, 298 F.2d 391 (8th Cir. 1962). In that case the taxpayer was in the contracting business in Washington, Iowa. He was held to have the right to deduct the cost of his meals on business trips away from the area of Washington, even though he returned home on the same day. The Court construed the plain language of the statute to mean what it says and held that the Commissioner could not amend it by the insertion of the words "over night."

The Eighth Circuit adhered to the same rule in United States v. Morelan, 356 F.2d 199, 208–210 (1965). Other cases which have disapproved the overnight test are: Williams v. Patterson, 286 F.2d 333 (5th Cir. 1961) (expenses incurred by railroad conductor during layover); Chandler v. Commissioner of Internal Revenue, 226 F.2d 467 (1st Cir. 1955) (travel expenses); Scott v. Kelm, 110 F.Supp. 819 (D.C.Minn.1953) (automobile and travel expenses).

■ The theory of Section 162(a) is that the added cost of meals away from home is related to the pursuit of the taxpayer's business and thus should be deductible as an expense incurred in producing income. The Commissioner's "overnight" or "sleep or rest" rules bear no rational relation to the business necessity of the meal expense. Rather, they use a time element in testing deductibility. In an era of supersonic travel, the time factor is hardly relevant to the ques-

1. 4A Mertens, Law of Federal Income Taxation, p. 345.

2. Reg. §§ 1.162–17(b) (3) (ii), 1.162–17 (b) (4) and 1.162–17(c) (2).

3. Mortrud v. Commissioner, 44 T.C. 208 (1965); Armstrong v. Commissioner, 43 T.C. 733 (1965); Smith v. Commissioner, 33 T.C. 861 (1960); Winn v. Commissioner, 32 T.C. 220 (1959); Herrin v. Commissioner, 28 T.C. 1303 (1957); Osteen v. Commissioner, 14 T.C. 1261 (1950). However, in Bagley v. Commissioner, 46 T.C. 176 (1966) the Tax Court reconsidered its prior decisions and allowed a deduction for expense of meals incurred on business trips which did not last overnight. In stating that it would no longer apply the overnight rule in all situations the Tax Court, relying on Hanson v. Commissioner of Internal Revenue, 298 F.2d 391 (8th Cir. 1962), decided to view each case in the future on its own facts.

tion of whether or not travel and meal expenses are related to the taxpayer's business and cannot be the basis of a valid regulation under the present statute. While the rule adopted by Appellate Courts may not always work satisfactorily, we believe that the remedy lies with Congress and not with the judiciary.

Under our ruling, the trial court could have directed a verdict in favor of the plaintiffs. It was not error for him to deny the Government's motions for a directed verdict and for judgment notwithstanding the verdict.

Affirmed.