FREDERICK J. AND JUNE M. BARRY, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1420–69SC.   Filed June 8, 1970.

Frederick J. Barry, pro se.
*William T. Hayes*, for the respondent.

OPINION

In this case, we meet again the respondent's "overnight rule," under which he holds that a taxpayer is not away from home for tax purposes

unless his trip requires a period for sleep or rest. Here, the petitioner seeks to deduct the cost of meals consumed while on 1-day business trips of 16 to 19 hours, during which he rested briefly in his automobile.

Ordinarily, meals are nondeductible under section 262 of the Internal Revenue Code of 1954[1] as "personal, living, and family expenses." *Jerome Mortrud*, 44 T.C. 208 (1965). For the meals to be deductible as traveling expenses, the petitioner must prove that the meals were eaten while he was traveling away from home in pursuance of a trade or business under section 162(a)(2). The respondent takes the position that a taxpayer is not away from home, except when he is on a trip that requires sleep or rest, and that interpretation of the statute was upheld by the Supreme Court in *United States* v. *Correll*, 389 U.S. 299 (1967). The Court found that it was a reasonable interpretation of the statute and that since it was a longstanding administrative interpretation, it had in effect been approved by the reenactment of the statute.

The petitioner argues that his case is distinguishable from *Correll* and not governed by it. He points out that his workday was longer, and that he did stop for a necessary rest period. Though there are some factual differences, we have concluded that they are not sufficient to distinguish *Correll* and that this case is governed by *Correll*.

*Correll* involved a traveling salesman who left home each day at about 5 a.m. and ate breakfast and lunch on the road, but arrived home in time for dinner. He seldom traveled farther than 55 miles from his home, but he ordinarily drove a total of 150 to 175 miles per day. Despite these factual differences, the rationale given by the Supreme Court for its conclusion indicates that it would reach the same result in the case before us. The Supreme Court said in *Correll* that it thought that the respondent's sleep-or-rest rule achieved a "substantial fairness" because it *"places all one-day travelers on a similar tax footing*, rather than discriminating against intracity travelers and commuters, who of course cannot deduct the cost of meals they eat on the road." (389 U.S. at 303. Emphasis supplied.) It found that the respondent was justified in denying a deduction for meals when no lodging was secured, and although it recognized that the overnight rule does cause some questionable distinctions, it thought the rule justifiable as a reasonable rule for distinguishing between the deductible and nondeductible traveling expenses. When those considerations are applied to the facts before us, including the greater length of the petitioner's workday, we find that the factual differences are immaterial and that the petitioner was not away from home within the established meaning of the statute.

Moreover, the petitioner's case is not distinguishable on the ground that he generally took a short rest during his return trip, because we

---

[1] All statutory references are to the Internal Revenue Code of 1954.

think that the term "sleep or rest" as used in *Correll* was meant to signify something more than the type of rest that Mr. Barry enjoyed. The Supreme Court, in explaining its understanding of the respondent's rule which it was upholding in *Correll*, said at 389 U.S. 304–305:

> Ordinarily, at least, only the taxpayer who finds it necessary to stop for sleep or rest incurs significantly higher living expenses as a direct result of his business travel,[18] and Congress might well have thought that only taxpayers in that category should be permitted to deduct their living expenses while on the road.[19] * * * [Footnotes omitted.]

The type of sleep or rest in which Mr. Barry habitually indulged is not the type that would ordinarily add to expenses. Rather, it is the sort of rest that anyone can, at any time, without special arrangement and without special expense, take in his own automobile or office.

Prior to the Supreme Court's decision in *Correll*, the deduction for meals was allowed to a railroad conductor who, during his 6-hour layover period in the middle of a workday spanning 17 to 18 hours, regularly rented a room in a hotel near the railroad station. At the hotel, he ate lunch and dinner, rested, slept, and bathed before beginning his return journey. *Williams* v. *Patterson*, 286 F. 2d 333 (C.A. 5, 1961). In that case, the "rest" involved was substantial in time, and special provision was made for it; his rest was not confined to a mere pause in the daily work routine. The respondent by ruling had held that the expenses of meals and lodging were deductible under such circumstances, and he announced his intention to follow the *Williams* decision. I.T. 3395, 1940–2 C.B. 64; Rev. Rul. 61–221, 1961–2 C.B. 34. It seems clear that the rest period which is contemplated in the respondent's overnight rule, and which was approved by the Supreme Court in *Correll*, is the type illustrated by *Williams*, and not the brief rest period taken by the petitioner.

In *Commissioner* v. *Bagley*, 374 F. 2d 204 (C.A. 1, 1967), remanding 46 T.C. 176 (1966), certiorari denied 389 U.S. 1046 (1968), the taxpayer, whose occupation was much like that of the present petitioner, made 1-day business trips which spanned 16 hours. Usually, his one-way driving distance was between 70 and 75 miles. He ate all three meals during the course of the workday, with breakfast and dinner being consumed during the morning and evening journeys. Most of the trips involved in *Bagley* were strikingly similar to the petitioner's trips to Massachusetts in both distance traveled and amount of time consumed between leaving home in the morning and arriving home at night. In *Bagley*, there is no indication that the taxpayer was required to stop for sleep or rest. The First Circuit vacated our decision for the taxpayer and approved the respondent's overnight rule. It found that "travel away from home" did not include "a diurnal round starting and ending at home." Thus, the First Circuit also held that when a tax-

payer made a 1-day trip, even one about as long as the petitioner's, he was not away from home within the meaning of section 162(a)(2).

The petitioner seeks to distinguish his case from *Bagley* on the additional ground that the taxpayer in that case lived alone and generally would not have eaten at home even if he had not been traveling, whereas the petitioner had a family and would have eaten dinner with them if he had reached home in time. This subtle difference does not remove this case from the applicability of the *Correll* and *Bagley* holdings. In part, the overnight rule was approved by the Supreme Court in *Correll* because it was simple to administer and provided a definite and easily ascertained answer in each case. *United States* v. *Correll, supra* at 302–303. Similarly, in *Bagley*, the First Circuit accepted the respondent's overnight rule as the most workable rule of thumb to be applied in these cases. It is altogether clear in *Bagley* that the existence of the petitioner's family and his desire to eat with them when possible would make no difference in the holding of the court.

The petitioner also argues that his expenditures for meals are deductible under section 162(a), independently of section 162(a)(2). That part of section 162(a) which precedes the numbered paragraphs allows a deduction for all the "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." However, the petitioner points to no authority supporting the deductibility of his meals under the ordinary-and-necessary provision of section 162(a), and we know of no such authority. Section 162(a)(2) expressly deals with the expenses of traveling, including the expenses of meals and lodging while traveling away from home, and after considerable litigation, the Supreme Court has now restricted the deduction for meals to trips which require a sleep or rest period. There is nothing to indicate that the ordinary-and-necessary provision should be construed so as to achieve a more liberal rule. See *Bulova Watch Co.* v. *United States*, 365 U.S. 753 (1961) ; *Central Commercial Co.* v. *Commissioner*, 337 F. 2d 387 (C.A. 7, 1964), affirming 40 T.C. 901 (1963) ; *Hudson City Savings Bank*, 53 T.C. 70, 75 (1969). Cf. *United States* v. *Correll, supra.*

Whatever may have been the view of this Court in the past, the Supreme Court has settled the issue by its decision in *Correll*, and we believe that the case before us is indistinguishable from *Correll*. Accordingly, we hold that the petitioner was not away from home within the meaning of section 162(a)(2) when he made his 1-day business trips during 1966.

*Decision will be entered for the respondent.*