WILLIAM M. REYNOLDS and BRENDA K. REYNOLDS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reynolds v. Commissioner
Docket No. 5040-76.
United States Tax Court
T.C. Memo 1979-190; 1979 Tax Ct. Memo LEXIS 336; 38 T.C.M. (CCH) 804; T.C.M. (RIA) 79190; May 16, 1979, Filed *336 Held: Respondent's determination of amounts allowable to petitioners as deductions for expenses of meals and lodgings away from home during 1973 and 1974, approved. William M. Reynolds, pro se. Frank C. McClanahan III, for respondent. *337 DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent has determined deficiencies in petitioners' Federal income tax as follows: Year
Deficiency
1973 $188
1974
400
The only issue presented to us for our resolution is whether respondent's calculation of petitioner's allowable travel expenses incurred while away from home during the taxable years at issue must be upheld. [1]
FINDINGS OF FACT Most of the facts in this case have been stipulated. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by reference. Petitioners, William M. and Brenda K. Reynolds, are married individuals who maintained their legal residence in Maiden, N.C., at the time their petition to this Court was filed and during the taxable years 1973 and 1974. [2]
*338 They timely filed joint United States individual income tax returns, Forms 1040, for the taxable years 1973 and 1974 with the Director of the Southeast Region Service Center at Memphis, Tenn.
During the taxable years in issue, petitioner was employed as a long-distance truck driver by various companies. He was required by the nature of his employment to be away from home overnight. Petitioner kept driver's daily log books for 10 months of 1973 and for the full year 1974. The log books constitute an accurate accounting of petitioner's time and place of travel. However, the log books contain no entries with respect to the time, place, number, or cost of meals or lodgings. Petitioner kept no receipts of his meal and lodging expenses, nor did he keep a diary or any other record in which contemporaneous entries of meal and lodging expenses were recorded during the years 1973 and 1974. Petitioner claimed an employee business expense deduction of $2,375 for travel expenses incurred by him during 1973. He calculated the amount of these expenses by estimating that he was away from home overnight for 250 days during the taxable year 1973. He arrived at this figure by counting any *339 day during which he was away from home for 6 hours or more as one full day. Petitioner also estimated that he spent $9 per day for meals while away from home. Thus, the $2,375 employee business expense deduction was computed by multiplying $9 by 250 days and then adding an additional $125 for estimated tips. [3] Of this amount, respondent allowed $1,170. Petitioner had provided respondent with log books for 1973 except for the months of September and December. Based on his examination of said log books, respondent concluded that petitioner was away from home 154.5 days during the 10 months in 1973 for which log books were provided. Since petitioner also was employed during the months of September and December of 1973, respondent determined that petitioner was away from home overnight on business trips a total of 180 days during 1973. Respondent determined this figure by adding up the total number of hours when petitioner was away from home on trips of 16 hours or more and dividing that total by 24 to arrive at days. Respondent then allowed $6.50 per day for meal expenses even though petitioner did not produce receipts or contemporaneously kept records with regard to the actual *340 amounts expended by petitioner for meals while away from home. This amount is intended as a low minimal allowance for three meals, and is allowed to taxpayers who establish the time and place of their travel but fail to otherwise substantiate their meal expenses. On the joint return for 1974 petitioner claimed an employee business expense deduction of $2,496 for travel expenses incurred by him during that year. Using the same formula as for 1973, he estimated that he was away from home overnight for 208 days during the taxable year 1974. Petitioner also estimated that he spent $12 per day for meals and lodging while away from home overnight on business trips during the taxable year 1974. Petitioner arrived at a figure of $12 per day because, although he kept no receipts or contemporaneous records for his business expenses for 1974, he paid some motel bills in addition to the expenses incurred for meals. The $2,496 deduction *341 claimed by the petitioners on their 1974 return was computed by multiplying $12 by 208. Because of a misunderstanding between petitioner and respondent, petitioner failed to provide the respondent with his log book or records showing the number of days that petitioner was away from home overnight and the amounts that he spent for meals and lodging while away from home during the taxable year 1974. Accordingly, respondent disallowed the entire $2,496 deduction claimed by petitioners on their 1974 income tax return. However, petitioner subsequently provided respondent with his driver's daily log books for 1974. Based upon an examination of the log book for 1974 and using the same formula as for 1973, respondent concluded that petitioner was away from home overnight on business trips a total of 136 days during 1974. Respondent then allowed $6.50 per day for meal expenses even though petitioner did not maintain records establishing his actual expenses. Accordingly, respondent concedes that petitioners are entitled to an employee business expense deduction of $884 for the taxable year 1974 based on an allowance of $6.50 per day for 136 days. [4]
*342 OPINION Section 162(a)(2), I.R.C. 1954, [5] sets forth the general rule that: There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * *. In order to deduct the expenses of meals and lodgings under this section, the taxpayer must prove the expenses were incurred on trips which required him to stop for sleep or rest. United States v. Correll,389 U.S. 299 (1967). However, even though the conditions of section 162(a)(2) are satisfied, deductibility of these expenses is further predicated upon compliance with the substantiation requirements promulgated pursuant to section 274(d). Section 274(d) states in relevant portion that: (d) * * * No deduction shall be allowed-- (1) under *343 section 162 or 212 for any traveling expense (including meals and lodging while away from home), * * *
unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel * * *, [and] (C) the business purpose of the expense or other item * * *. The Secretary or his delegate may by regulations provide that some or all of the requirements of an expense which does not exceed an amount prescribed pursuant to such regulations. The absence of any documentary evidence such as a diary or receipts or other corroborative evidence which substantiates petitioner's estimates of his expenses for meals and lodging on a daily basis leaves us with no choice but to accept respondent's allowance of $6.50 per day for meal expenses, secs. 1.274-5(c)(1) and (2)(ii), Income Tax Regs. Although petitioner well may have spent more per day for meals than $6.50, he is unable to prove that he did so. The logs which he maintained do not contain any information or notations concerning his actual expenditures which corroborate his estimates. Therefore, the per diem meal expense *344 calculated by respondent is upheld. [6]
Petitioner also challenges respondent's formula for calculating the number of days during the taxable years at issue petitioner is considered to have been away from home within the meaning of section 162(a)(2). However, petitioner's disagreement with respondent's formula is very vaguely stated and comes under the rubric of unfair. As noted above, petitioner counted as a day away from home any time his daily logs indicated him being on the road for 6 or more hours. Respondent's formula is more involved. For any period showing petitioner on the road for 16 hours or more, respondent included all of those hours, apparently on the ground that the sleep or rest prerequisite to deductibility of away-from-home expenses would be satisfied. United States v. Correll,supra.Upon reaching a total of hours for the year he then divided it by 24 to reach the number of days petitioner was away from home. Use of the divisor is premised *345 on the assumption that three meals will have been eaten within a 24-hour period. Petitioner's challenge is hamstrung by his lack of effort on his own behalf. The daily log books for the taxable years at issue have been submitted in evidence but petitioner has made no attempt to break down their contents into an easily manageable schedule which might support his calculation of the number of days he was away from home during the periods at issue. Although we do not agree with respondent's argument that we are required perforce to accept his formula because he has allowed expenses in an exercise of discretion, we do believe that his formula more accurately follows pertinent case law than that proposed by petitioner. The sleep or rest rule mentioned above requires as a precondition to categorization as away from home within the meaning of section 162(a)(2) that the trip involve be of such duration that the particular taxpayer must stop for sleep or rest. United States v. Correll, supra.A trip of 6 or 8 hours does not require a stop for sleep or rest. See, e.g., Commissioner v. Bagley,374 F. 2d 204 (1st Cir. 1967), remaining 46 T.C. 176 (1966); *346 Barry v. Commissioner,54 T.C. 1210 (1970). In fact, petitioner testified that he had to drive for 10 hours before he was required to take 8 hours off. The 16-hour minimum used by respondent as the starting point in his calculation reflects the awareness that a trip of 16 or more hours for a long-distance truck driver undoubtedly will require a stop in his driving for sleep or rest. The assumption underlying the divisor of 24 hours used by respondent to reach the number of days petitioner was away from home during the taxable years at issue in order to give him credit for the $6.50 per day meal expense is reasonable under the circumstances insofar as giving petitioner credit for 3 meals in a 24-hour period. Although it is possible that the nature of petitioner's job would mean that he would have more than three meals in a 24-hour period, his testimony indicated that he also would eat less than three meals in a 24-hour period on occasion. Accordingly, respondent's formula results in an average that strikes us as being fair to petitioner given his evidentiary problems. Therefore, although respondent's formula perhaps may leave petitioner on the short side with *347 regard to his actual expenditures for meals for the number of days he actually was away from home within the meaning of section 162(a)(2), it is petitioner's burden to persuade us of these facts. Rule 142(a), Tax Court Rules of Practice and Procedure. The record as presented in this case fails to carry that burden. Petitioner did not favor us with any summaries or analysis of his log books nor with a brief explaining how his log books would support more days of away-from-home travel. Respondent's computations are fair to petitioner in their recognition that expenses for meals must have been incurred by petitioner and in their determination of the number of days during which petitioner is to be considered away from home. Consequently, respondent's actions are upheld. Because of respondent's concession for 1974, Decision will be entered under Rule 155.
Footnotes
1. Due to concessions made by respondent in the stipulation of facts, a computation under Rule 155, Tax Court Rules of Practice and Procedure↩, will be necessary regardless of the outcome of this case.
2. Brenda K. Reynolds is a petitioner herein merely because she and her husband filed joint returns for the taxable years at issue. Consequently, William M. Reynolds will be referred to as the petitioner in this case.↩
3. Since petitioner used accommodations aboard the truck for rest periods, the only expenses that he incurred when he was away from home overnight during the taxable year 1973 were for meals, which expenses were not reimbursed by petitioner's employers.↩
4. Respondent did not allow any lodging expenses for 1974 because petitioner offered no evidence to prove that he incurred lodging expenses in 1974.↩
5. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue, unless otherwise indicated.↩
6. See Moretz v. Commissioner,T.C. Memo. 1977-334; Boul v. Commissioner,T.C. Memo. 1976-336; Johnson v. Commissioner,T.C. Memo. 1970-134↩.