T.C. Summary Opinion 2007-212

UNITED STATES TAX COURT

MICHAEL L. AND ANN BURSKI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14505-04S.                    Filed December 17, 2007.

Michael L. and Ann Burski, pro se.

Michele A. Yates, for respondent.

DAWSON, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

---

[1]Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
taxable years in issue.  All Rule references are to the Tax Court
Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

The trial was conducted by Special Trial Judge Carleton D. Powell, who died after the case was submitted. The parties have declined the opportunity for a new trial or for supplementation of the record and have expressly consented to the reassignment of the case for opinion and decision.

Respondent determined deficiencies in petitioners' Federal income taxes of $10,755 for 2001 and $5,546 for 2002. Following concessions,[2] we must decide whether petitioners may deduct travel expenses under section 162(a)(2).[3] This requires that we decide whether Michael L. Burski (petitioner) was "away from home" when he incurred the expenses.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

---

[2]Respondent concedes that, for the taxable years 2001 and 2002, Michael L. Burski (petitioner) was an independent contractor. Petitioner concedes that income he received from the Institute for Defense Analyses is included in gross receipts reported on Schedule C, Profit or Loss From Business (Sole Proprietorship), and that his Schedule C income is subject to self-employment tax. Petitioners concede that they had additional capital gain of $5,000 and dividends of $83 in 2002.

[3]The only other issues remaining are computational.

A.   Petitioners' Income-Producing Activities and Their 2001 and 2002 Income Tax Returns

Petitioners resided in Lancaster, Pennsylvania, when they filed the petition.  Ann Burski (Mrs. Burski) works in Lancaster, Pennsylvania, as a self-employed property manager.  Petitioner retired from the Air Force in 1987 and receives a pension and other retirement benefits.

When petitioner retired from the Air Force, he started a business.  He later moved to Lancaster to work for International Signal and Control.  Since then, petitioners have continuously maintained their personal residence in Lancaster.

In 1989, petitioner began working as a consultant for several different companies and Government agencies, including the Institute for Defense Analyses (IDA).  Petitioner contracted with IDA to provide services part time as a military consultant/analyst.  IDA has its headquarters in Alexandria, Virginia, and does not have an office or facility in or around Lancaster, Pennsylvania.  IDA paid petitioner at an hourly rate for the hours he worked and reimbursed him for all of his expenses relating to his trips between Lancaster and Alexandria.

Over a period of 16 years, petitioner consulted with IDA on a series of specialized projects that frequently required him to work with classified information accessible only in the Washington, D.C., metropolitan area.  IDA provided petitioner with work space and support staff in Alexandria throughout the

entire working relationship. Petitioner performed some of his work for IDA from his home in Pennsylvania, where he was able to connect through his laptop computer to IDA's computer network to access nonsecure information.

Over the years, petitioner steadily increased the hours he worked for IDA. He eventually stopped accepting consulting work for other companies and Government agencies and, since 1995, has worked exclusively for IDA. By 1995, petitioner was working more than 1,000 hours in each 6-month period. Because of the number of hours petitioner worked for IDA, IDA was prohibited from paying petitioner for the expenses he incurred for his trips between Lancaster and Alexandria. In 1995, IDA began treating petitioner as an employee; IDA treated petitioner's compensation as wages, paid the employer's portion of the employment taxes, and issued petitioner Forms W-2, Wage and Tax Statement, instead of Forms 1099-MISC, Miscellaneous Income. IDA also stopped reimbursing him for the expenses he incurred for his trips between Lancaster and Alexandria.

During 2001, petitioner rented an apartment in Washington, D.C., where he stayed when he was working in Alexandria. During 2002, petitioner stayed in hotels when he was working in Alexandria.

Petitioners timely filed their Federal income tax returns for 2001 and 2002. IDA issued petitioner Forms W-2 reporting

that IDA paid him compensation of $92,166 in 2001 and $85,918 in 2002. Petitioner reported his compensation from IDA as wages, salaries, tips, etc. on line 7 of the returns but claimed deductions for expenses he incurred in the course of performing services for IDA on Schedules C, Profit or Loss From Business (Sole Proprietorship). On the Schedules C, petitioner reported no gross receipts and claimed deductions for the following expenses:

| Expense | 2001 | 2002 |
|---|---|---|
| Car and truck | $4,830 | $3,362 |
| Depreciation | 518 | 5,913 |
| Insurance | 527 | 871 |
| Legal and professional | 104 | 85 |
| Office expenses | 57 | 75 |
| Repairs and maintenance | 1,446 | -0- |
| Supplies | 324 | 152 |
| Travel | 23,532 | 4,385 |
| Meals and entertainment | 3,103 | 3,810 |
| Utilities | 785 | 1,334 |
| Other expenses | 407 | 785 |

B.  Notice of Deficiency and Concessions by the Parties

In the notice of deficiency, respondent treated petitioner as an employee of IDA consistent with his reporting the compensation from IDA as wages, salaries, tips, etc. on the returns. Respondent disallowed all deductions petitioner claimed on Schedules C, explaining that deductions for these amount were not allowed because petitioner had not established that he incurred, or if he incurred, paid these amounts for ordinary and

necessary business purposes and that any amount qualifies as a business expense as specified under the provisions of the Internal Revenue Code. Respondent, however, allowed petitioners to deduct the following expenses as unreimbursed employee expenses on Schedules A, Itemized Deductions:

| Expense | 2001 | 2002 |
|---|---|---|
| Depreciation | $518 | -0- |
| Insurance | 527 | $827 |
| Legal and professional | 104 | 85 |
| Office expenses | 57 | 75 |
| Supplies | 324 | 152 |
| Utilities | -0- | 1,334 |
| Other expenses | 407 | 785 |

Respondent did not allow petitioners any deduction for the following expenses:

| Expense | 2001 | 2002 |
|---|---|---|
| Car and truck | $4,830 | $3,362 |
| Depreciation | -0- | 5,913 |
| Insurance | -0- | 44 |
| Repairs and maintenance | 1,446 | -0- |
| Travel | 23,532 | 4,385 |
| Meals and entertainment | 3,103 | 3,810 |
| Utilities | 785 | -0- |

Petitioners timely filed a petition in this Court seeking redetermination of the deficiencies.

Petitioners concede that they are not entitled to deduct the $1,446 claimed for repairs and maintenance expenses in 2001.

Respondent concedes that petitioners are entitled to deduct the $44 insurance expense disallowed for 2002.

Respondent concedes that Mrs. Burski is entitled to deduct $3,139 of the depreciation disallowed for 2002. The remaining $2,774 of depreciation disallowed for 2002 is depreciation petitioner claimed for using his car in driving between Lancaster and Alexandria. The disallowed car and truck expenses were petitioner's costs of driving between Lancaster and Alexandria, including gas, car repairs, insurance, registration, inspection, washing, and oil changes. The disallowed travel expenses and utilities were the rent and utilities expenses petitioner paid for his Washington, D.C., apartment in 2001 and the costs of his hotel rooms where he stayed when he worked in Alexandria in 2002. The disallowed meals and entertainment expenses are the costs of meals and entertainment petitioner incurred when he stayed in Alexandria.

## Discussion

We must decide whether petitioner may deduct the travel expenses he incurred during 2001 and 2002 while working in Alexandria away from his personal residence in Lancaster.

A taxpayer may not deduct personal, living, or family expenses. Sec. 262(a). An individual may deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. See sec. 162(a). Services

performed by an employee constitute a trade or business for purposes of section 162(a).[4]  O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988).

In general, expenses incurred for a taxpayer's daily meals and lodging and for commuting between the taxpayer's residence and the taxpayer's place of business are nondeductible personal expenses.  Sec. 262(a); see, e.g., United States v. Correll, 389 U.S. 299 (1967); Commissioner v. Flowers, 326 U.S. 465, 472-473 (1946); Barry v. Commissioner, 54 T.C. 1210, 1214 (1970), affd. per curiam 435 F.2d 1290 (1st Cir. 1970); see also secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.  By contrast, traveling expenses, including amounts expended for meals and lodging, may be deducted if they are incurred while away from home[5] in the pursuit of a trade or business.  Secs. 162(a)(2), 262.  To deduct a travel expense, the taxpayer must show that (1) he or she was away from home when he or she incurred the expense, (2) the expense is reasonable and necessary, and (3) the expense was incurred in pursuit of a trade or business.  Commissioner v. Flowers, supra at 470.

---

[4]An employee is allowed to deduct unreimbursed employee expenses as miscellaneous itemized deductions on Schedule A, subject to the 2-percent limitation under sec. 67.

[5]For a taxpayer to be considered "away from home" within the meaning of sec. 162(a)(2), the taxpayer must be on a trip that requires the taxpayer to stop for sleep or a substantial period of rest.  United States v. Correll, 389 U.S. 299 (1967); Strohmaier v. Commissioner, 113 T.C. 106, 115 (1999).

For income tax purposes, the term "home" in section 162(a)(2) means a taxpayer's principal place of business and not where the taxpayer's personal residence is located, if different from the principal place of business. Barone v. Commissioner, 85 T.C. 462, 465 (1985), affd. without published opinion 807 F.2d 177 (9th Cir. 1986); Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Daly v. Commissioner, 72 T.C. 190, 195 (1979), affd. 662 F.2d 253 (4th Cir. 1981); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968). An exception to the rule exists when a taxpayer accepts work away from the taxpayer's personal residence and the work is temporary rather than indefinite. Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958). Under this exception, a taxpayer's tax home becomes the vicinity of the taxpayer's primary personal residence in a real and substantial sense. Id.; see Deamer v. Commissioner, T.C. Memo. 1984-63, affd. 752 F.2d 337 (8th Cir. 1985); Rohr v. Commissioner, T.C. Memo. 1982-117.

Work is temporary if it is foreseeable that the work will be terminated within a short period. Mitchell v. Commissioner, supra at 581. Conversely, work is indefinite if the prospects are that the work will continue for an indefinite or substantially long period. Wright v. Hartsell, 305 F.2d 221, 224 (9th Cir. 1962); Harvey v. Commissioner, 283 F.2d 491, 495 (9th Cir. 1960), revg. 32 T.C. 1368 (1959). Work that starts as temporary can later become indefinite, in which case the location

of the taxpayer's work becomes his or her tax home. Chimento v. Commissioner, 52 T.C. 1067, 1073 (1969), affd. 438 F.2d 643 (3d Cir. 1971); Kroll v. Commissioner, supra at 562. The taxpayer will not be treated as being temporarily away from home during any period of work if such period lasts more than 1 year. Sec. 162(a).

It is presumed that a taxpayer will generally choose to live near his or her principal place of business. See Frederick v. United States, 603 F.2d 1292, 1295 (8th Cir. 1979). The purpose of the deduction for expenses incurred away from home is to alleviate the burden on the taxpayer whose business needs require him or her to maintain two homes and therefore incur duplicate living expenses. Kroll v. Commissioner, supra at 562. Where the taxpayer maintains two residences for his own convenience, however, such cost would be considered personal and not deductible. Sec. 262; Commissioner v. Flowers, supra at 474.

The requirement that the travel expense be incurred in the pursuit of a trade or business means that the "exigencies of business rather than the personal conveniences and necessities of the traveler must be the motivating factors." Commissioner v. Flowers, supra at 474. Thus, the taxpayer must have some business justification to maintain the first residence, beyond purely personal reasons, to be entitled to deduct expenses incurred while temporarily away from that home. Id. Where a

taxpayer has no business connections with the area of primary residence, there is no compelling reason to maintain that residence and incur substantial, continuous, and duplicative expenses elsewhere. See Henderson v. Commissioner, 143 F.3d 497, 499 (9th Cir. 1998), affg. T.C. Memo. 1995-559; Deamer v. Commissioner, supra. In that situation, the expenses incurred while temporarily away from that residence are not deductible. Bochner v. Commissioner, 67 T.C. 824, 828 (1977); Tucker v. Commissioner, 55 T.C. 783, 787 (1971).

Respondent asserts that, in 2001 and 2002, petitioner's employment with IDA was indefinite, not temporary, and his tax home was Alexandria. Respondent concludes, therefore, that petitioner is not entitled to deduct expenses incurred in driving between Lancaster and Alexandria or for meals and lodging expenses incurred while staying in Alexandria.

Petitioner contends that respondent made no determination in the notice of deficiency that Alexandria was his tax home and did not raise the issue until a few days before the trial. Petitioners do not explicitly contend that respondent's argument is new matter on which respondent bears the burden of proof. See, e.g., Shea v. Commissioner, 112 T.C. 183 (1999). Rather, petitioners appear to argue that respondent should be precluded from asserting that Alexandria was petitioner's tax home because respondent's delay in relying upon petitioner's tax home is

unfair and prejudicial to petitioners.  Nevertheless, because petitioners represented themselves in these proceedings without benefit of counsel and because we conclude petitioners implicitly alleged that respondent's tax home argument was new matter, we shall address both arguments.

Respondent discussed petitioner's status as an employee and the location of his tax home in the trial memorandum respondent submitted before the trial.  Before the trial, respondent conceded that petitioner was an independent contractor, and the only issue remaining to be tried was the location of petitioner's tax home.  Petitioner was on notice before the trial that respondent was contending that Alexandria was petitioner's tax home.  The tax home issue was tried by consent of the parties and is properly before the Court.  See Rule 41(b).  Petitioners were not prejudiced by respondent's argument that petitioner's tax home was in Alexandria.

If the location of petitioner's tax home is "new matter" within the meaning of Rule 142(a),[6] respondent must bear the burden of proof.  A new theory that is presented to sustain an

---

[6]Rule 142 provides in part:

(a) General:  (1)  The burden of proof shall be upon the petitioner, except as otherwise provided by statute or determined by the Court; and except that, in respect of any new matter, increases in deficiency, and affirmative defenses, pleaded in the answer, it shall be upon the respondent.  As to affirmative defenses, see Rule 39.

adjustment made in the notice of deficiency is treated as new matter when it either alters the original deficiency or requires the presentation of different evidence. Wayne Bolt & Nut Co. v. Commissioner, 93 T.C. 500, 507 (1989). A new theory that merely clarifies or develops the original determination is not new matter. Id.

In the notice of deficiency, respondent treated petitioner as an employee of IDA consistent with his reporting the compensation from IDA as wages, salaries, tips, etc. on the returns. Consequently, respondent disallowed all deductions petitioner claimed on Schedule C for each year but allowed petitioner to deduct some of the items as unreimbursed employee expenses on Schedule A. The notice of deficiency explained that deductions were not allowed on Schedule C because petitioner had not established that he incurred, or if he incurred, paid the amounts for ordinary and necessary business purposes and that any amount qualifies as a business expense as specified under the provisions of the Internal Revenue Code.

The notice of deficiency raised two issues that are relevant here. The first is whether petitioner was an independent contractor entitled to fully deduct allowable expenses on Schedule C or an employee of IDA entitled to deduct the expense on Schedule A, subject to the 2-percent limitation under section 67. The second is whether any of the travel expenses for which

-14-

respondent did not allow any deduction were incurred for ordinary and necessary business purposes in the course of petitioner's carrying on a trade or business as either an independent contractor or an employee of IDA.

Although section 162(a) is not mentioned in the notice, its provisions are implicit in respondent's explanation that petitioner failed to establish that he incurred or paid the disallowed amounts for ordinary and necessary business purposes and that any amount qualifies as a business expense as specified under the provisions of the Internal Revenue Code. The notice alerted petitioner to respondent's challenge to the bona fides of the disallowed amounts as travel expenses. The factual bases and rationale required to establish that the amounts petitioner paid for driving between Lancaster and Alexandria and for lodging and meals while working in Alexandria were ordinary and necessary business expenses incurred in his business of providing services to IDA as an independent contractor are identical to the factual bases and rationale necessary to establish that they were ordinary and necessary business expenses incurred in the business of providing services to IDA as an employee. In either case petitioner must show that (1) he was away from home when he incurred the expense, (2) the expense is reasonable and necessary, and (3) the expense was incurred in pursuit of a trade

or business. <u>Commissioner v. Flowers</u>, 326 U.S. at 470. The issue of the location of petitioner's tax home is not new matter under Rule 142(a).

Moreover, regardless of who bears the burden of proof, the record establishes that petitioner's tax home for the years at issue was in Alexandria. Beginning in 1995, petitioner worked exclusively for IDA on a series of specialized projects that frequently required petitioner to work with classified information accessible only in the Washington, D.C., metropolitan area. IDA provided petitioner with work space and support staff in Alexandria throughout the entire working relationship. Most of the time petitioner conducted his activities for IDA in Alexandria. Often he could only perform his services in Alexandria, e.g., when he needed access to classified information. Although petitioner performed some of his work for IDA from his home in Lancaster, he could access nonsecure information only through his connection to IDA's computer network. The record is devoid of any evidence that business exigencies ever <u>required</u> him to perform any of his services for IDA in Lancaster. Petitioner worked for IDA for 16 years and exclusively for IDA beginning in 1995. Petitioner's relationship with IDA was indefinite and not temporary, and he had only personal reasons for maintaining his residence in Lancaster.

Petitioner's tax home for the years at issue was Alexandria, Virginia.

The car and truck expenses and any claimed depreciation for using his car were petitioner's personal expenses for driving between his residence in Lancaster and his work in Alexandria. The travel expenses and utilities were for his lodging when he stayed in Alexandria, and the meals and entertainment expenses were his costs of meals and entertainment incurred when he stayed in Alexandria. Petitioner did not incur the disallowed expenses while away from his tax home in the course of his trade or business.

We hold that petitioners are not entitled to deduct the disputed items.

To reflect the foregoing and the parties' concessions,

Decision will be entered under Rule 155.